IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A.  STEBBINS                                                           PLAINTIFF

v.                                    CIVIL No.  3:11-cv-3078

HARP & ASSOCIATES REAL ESTATE SERVICES                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David A.  Stebbins, ("Plaintiff" or "Stebbins"), filed this case pro se and *in forma pauperis*.  Now before the Court is the Motion for Preliminary Injunction, filed by the Plaintiff.  ECF No.  5.

Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and (3), this case is referred to the undersigned by the Honorable Paul K.  Holmes, III, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Motion for Preliminary Injunction, ECF No.  5, be **DENIED**.

I.      BACKGROUND

Plaintiff alleges in his Complaint that he rented an apartment, which served as his residence, from Defendant – beginning in August of 2008.  ECF No.  1.  On February 15, 2011, Defendants served Plaintiff with a notice of eviction, alleging Plaintiff's apartment was unsanitary and contained fire hazards.  *Id.* Plaintiff was receiving Section 8 Federal Housing Benefits, and alleges he could only be evicted for just cause.  *Id.*  Furthermore, Plaintiff states the allegations that formed the basis for the notice of eviction were inaccurate, and the intent behind his eviction was discriminatory.  *Id.*  On May 31, 2011, Defendants issued notice to Plaintiff that his lease, which ended on June 30, 2011, would not be renewed.  *Id.*  A complaint for unlawful detainer was filed against Plaintiff by Defendant on July 6, 2011, in Boone County Circuit Court. *Harp & Associates LLC v.  David A.  Stebbins*, CV-2011-171-4, Boone County, Ark. (closed September 14, 2011).

Furthermore, Plaintiff states he is most commonly discriminated against because of Asperger Syndrome, and that Defendant knew of his Asperger Syndrome when he moved into the apartment in August

of 2008.  ECF No. 1.  Plaintiff makes his motion for Preliminary Injunction, stating that Defendant obtained a writ of possession for his apartment on September 2, 2011, from the Circuit Court of Boone County.  ECF No. 5.  He states he has requested a stay of execution of that writ, pending the outcome of the above-styled case.  *Id.*  Plaintiff seeks as relief a stay of the writ of possession from this Court, if a stay is not issued by the Boone County Circuit Court.  *Id.* Alternatively, if the writ of possession has been executed due to no stay being issued by the state court, Plaintiff requests that this Court order the Defendant to allow Plaintiff to resume access to his apartment, with full privileges.  *Id.*

## II.    APPLICABLE LAW

The two kinds of immediate injunctive relief are Preliminary Injunctions and Temporary Restraining Orders and they differ in several respects,[1] but the applications for each are generally measured against the same factors, which were established in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc ).  The Court will consider: (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest.  No single factor is dispositive, but the movant must establish a threat of irreparable harm.  *Id.*  Without a finding of irreparable injury, a preliminary injunction should not be issued.  *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

Courts are cautioned that, "injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury,

---

[1]  Rule 65 of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party" FED. R. CIV. P. 65(a)(1), while a TRO "may be granted without written or oral notice to the adverse party or that party's attorney," but "only if" certain requirements are met. *See* FED. R. CIV. P. 65(b). Thus, a TRO may be, but does not have to be, issued *ex parte*, but a preliminary injunction cannot be issued without notice to the adverse party. However, although a preliminary injunction cannot be issued without notice, the fact that notice is provided does not necessarily mean that the relief granted will be a preliminary injunction rather than a TRO. *See Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994).  In the case at bar, it is clear the Defendant had no notice of the Motion for a Preliminary Injunction.

or a future invasion of rights, be those rights protected by statute or by the common law." *Rogers v. Scurr*, 676 F.2d 1211,1214 (8th Cir. 1982) (quoting *Holiday Inns of Am. v. B & B Corp*., 409 F.2d 614, 618 (3rd Cir. 1969)).

## III.   DISCUSSION

As noted above, the first factor the Court must consider in Plaintiff's Motion for Preliminary Injunction is the threat of irreparable harm. Plaintiff filed his Motion for a Preliminary Injunction on September 9, 2011, while his state court case for unlawful detainer was still proceeding. In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] ... a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

Id. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

It is clear from Plaintiff's motion that at the time his motion was filed, the Court would have to abstain from ruling on the relief sought by Plaintiff due to the ongoing state judicial proceeding. However, since that time, Harp & Associates, the Defendant herein and Plaintiff in the state court proceeding, has non-suited the state court case. *Harp & Associates LLC v. David A. Stebbins*, CV-2011-171-4, Boone County,

Ark. (closed September 14, 2011).  In fact, Court documents show that Boone County Circuit Court granted Stebbins' motion for a stay of execution of the writ of possession on September 9, 2011, with the caveat that Stebbins post a surety bond of $2,500.00 on or before September 12, 2011.  *Id.*  The date of September 12, 2011 appears to have been the date of execution on the writ of possession.  *Id.*  Stebbins moved out of the property in question on September 12, 2011.  *Id.* On September 14, 2011, Harp & Associates non-suited their state-court unlawful detainer action.  *Id.*

Clearly, the Motion for Preliminary injunction is moot and is due to be denied as the same.  As the Court finds Plaintiff fails to satisfy the first *Dataphase* factor of irreparable harm, and that the relief sought herein is moot, the Court will not address the other factors.

## IV.     CONCLUSION

Accordingly, I **RECOMMEND** the Motion for Injunction, ECF No.  5, be **DENIED**, for the forgoing reasons.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **15th day of November 2011.**

/s/  *J.  Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE