IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                           PLAINTIFF

VS.                           NO. 3:11-CV- 03078-PKH

HARP & ASSOCIATES REAL ESTATE SERVICES                                      DEFENDANT

## ANSWER

Defendant Harp & Associates LLC, (incorrectly sued as "Harp & Associates Real Estate Services"), for its answer to plaintiff's complaint:

1.   Admits that plaintiff purports to bring a claim for disability discrimination, that an unlawful detainer action was at one point litigated between the parties, and that defendant was represented by Catherine F. Golden of Sprott & Golden in that action. Defendant denies the remaining allegations in the first two unnumbered paragraphs of the complaint.

2.   Admits that plaintiff purports to bring this action for disability discrimination under Section 504 of the Rehabilitation Act and that it participates in the Federal Housing Choice Vouchers program. Defendant denies the remaining allegations to the extent the allegations are conclusions of law, not allegations of fact, and otherwise denies the remaining allegations in the "Jurisdiction" paragraph of the complaint.

3.   Admits that it rented an apartment to plaintiff in August of 2008, the terms of which were set by a written lease, which speaks for itself. Defendant denies the remaining allegations in paragraph 1 of the complaint.

4.   Admits that on or about February 15, 2011, plaintiff was served with a notice of eviction and that the notice of eviction speaks for itself. Defendant denies the remaining

allegations in paragraph 2 of the complaint to the extent such allegations contradict the notice of eviction.

    5.    Denies the allegations in paragraph 3 of the complaint.

    6.    Admits that plaintiff was a recipient of Section 8 federal housing benefits. Defendant denies the remaining allegations to the extent the allegations are conclusions of law, not allegations of fact, and otherwise denies the remaining allegations in paragraph 4 of the complaint.

    7.    Denies the allegations in paragraph 5 of the complaint.

    8.    Admits that it issued a notice of non-renewal to plaintiff on or about May 31, 2011, and that the lease in question was to end on June 30, 2011, but denies the remaining allegations in paragraph 6 of the complaint.

    9.    Denies the allegations in paragraph 7 of the complaint.

    10.    Denies the allegations in paragraph 8 of the complaint.

    11.    Denies any discrimination in regard to plaintiff and otherwise denies the allegations in paragraph 9 of the complaint.

    12.    Denies the allegations in plaintiff's "Relief Requested" section and denies that plaintiff is entitled to the relief requested or any relief whatsoever.

    13.    Denies all allegations not specifically admitted herein.

    14.    States that the plaintiff's complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

15. States that Catherine Golden is not defendant's agent for service of process. Therefore, there has been insufficiency of process and insufficiency of service of process, and plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4)(5).

16. States that plaintiff's claims are barred in whole or part by the applicable statute of limitations, his failure to exhaust any and all administrative remedies, his failure to mitigate any alleged damages, defendant's legitimate and non-discriminatory reasons for its actions, and the failure to name the proper party defendant.

17. States that plaintiff's claims are barred by the doctrine of *res judicata* or collateral estoppel. Specifically, plaintiff's claims arise out of the same transaction or occurrence which was the subject of an unlawful detainer action between these parties, *Harp & Associates LLC v. David A. Stebbins*, CV-2011-171-4, Boone County, Ark., and plaintiff had both the motive and opportunity to fully litigate the subject claims in that action. His failure to do so bars this action.

18. States that at all time relevant to this action, defendant acted lawfully and in good faith and had reasonable grounds to believe that its conduct with respect to plaintiff was in full compliance with the law.

19. States that plaintiff's alleged damages, if any, were caused by his own actions or omissions, or the actions of third parties.

20. States that for each of the following reasons, plaintiff's punitive damages claim is barred:

(a) Any claim for punitive damages, if granted, would be grossly excessive and would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

Any punitive damages sought by plaintiff are greatly disproportionate to any actual damages (which are denied) and far exceed any civil or criminal sanctions that could be imposed against defendant for similar alleged misconduct.

(b) Any claim for punitive damages would violate the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution because it seeks to impose an excessive fine upon defendant, is penal in nature, and seeks to punish defendant upon unconstitutionally vague standards.

(c) Any claim for punitive damages would violate the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

(d) Any claim for punitive damages would violate the Fifth Amendment to the U.S. Constitution because it would expose defendant to multiple punishments and fines for the same alleged conduct.

(e) Any claim for punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution in the absence of an order bifurcating that claim from the issue of liability.

(f) Any award of punitive damages in this case would violate the Separation of Powers Doctrine since this Court would be usurping the exclusive power of the legislature to define crimes and establish punishment.

(g) Any award of punitive damages in this case would be constitutionally defective as an ex post facto law prohibited by the United States Constitution. The Court, in making any such punitive award, would be effectively criminalizing conduct after it has occurred and

without appropriate advance notice to defendant that such conduct may subject them to criminal punishment.

 (h) The complaint fails to state any facts upon punitive damages may be awarded.

 21. States that its actions taken with respect to plaintiff were for legitimate, non-discriminatory reasons related to plaintiff's own actions or omissions and not because of his alleged disability or any other protected factor.

 22. States it had just and legitimate cause for all of its actions related to plaintiff.

 23. States that plaintiff's actions or omissions caused him to be a direct threat to the health and safety of others, and that no reasonable accommodation was available.

 24. Even if any adverse action taken by defendant was motivated in part by unlawful reasons, which it denies, defendant states it would have made the same decisions and taken the same actions regardless of such considerations.

WHEREFORE, defendant Harp & Associates LLC, prays that this Court dismiss plaintiff's complaint; that plaintiff take nothing; and that it be awarded attorneys' fees and costs in defending this action.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL: elowther@wlj.com
>
> By _____
>   Edwin L. Lowther, Jr. (81107)
>   Matthew A. Glover (2008196)
>   Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Additionally, I certify that on December 30, 2011, I mailed the foregoing by first class mail to the following:

David Stebbins
8527 Hopewell Road
Harrison, AR 72601

_____
Edwin L. Lowther, Jr.