12C00176

IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
CIVIL DIVISION

DAVID A. STEBBINS                                                          PLAINTIFF

VS.                        NO. CV2011-232-4

CATHERINE GOLDEN and
HARP & ASSOCIATES, LLC                                                     DEFENDANTS

### ORDER OF DISMISSAL

On this date this matter comes before the Court to consider the motion to dismiss plaintiff's amended complaint filed by defendants Catherin Golden and Harp & Associates, LLC ("Harp"). The Court, having reviewed the amended complaint, the motion to dismiss and the brief in its support, and noting that plaintiff has not responded to the motion within the time allowed by law, is well and sufficiently advised, and makes the following findings:

1. On October 7, 2011, plaintiff David A. Stebbins filed a complaint against defendants Golden and Harp, alleging abuse of process.[1] More specifically, Stebbins claims that the defendants abused process by moving to voluntarily dismiss an unlawful detainer action filed by Ms. Golden as counsel for Harp against Stebbins in the matter of *Harp & Associates v. David A. Stebbins*, CV2011-171-4 (Cir. Ct. Boone County, Ark. 2011) ("underlying action"). Stebbins alleges that the non-suit prevented him from obtaining a writ of restitution and from appealing the dismissal of his counterclaim.

2. The issue of Stebbins' entitlement to a writ of restitution was decided in the underlying action, independent of the voluntary nonsuit. Therefore, the voluntary nonsuit had no effect on Stebbins' ability to pursue a writ of restitution against Harp.

---

[1] An amended complaint asserting the same allegations was filed on October 13, 2011. The amended complaint was served on defendants.

1101770-v1                                  1



EXHIBIT 2

3. Because Ark. R. Civ. Pro. 41(a)(3) provides that a voluntary dismissal has no effect on a claim for set-off or a counterclaim, Stebbins' right to pursue his counterclaim was not barred by defendants' voluntary nonsuit in the underlying action.

4. In the underlying action Stebbins could have filed a notice of appeal or requested a certification of final judgment pursuant to Ark. R. Civ. Pro. 54(b), either of which would have allowed him to appeal the dismissal of counterclaim.

5. Because Stebbins failed to plead sufficient facts to establish that defendants' filing of the motion to voluntarily dismiss the underlying action against him was the proximate cause of his failure to obtain a writ of prohibition or appeal of the dismissal of his counterclaim, he has failed to state facts sufficient to establish that Golden and Harp abused process.

6. Therefore, Stebbins has failed to state facts upon which relief can be granted, and his complaint and amended complaint should be dismissed.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the motion to dismiss the complaint and amended complaint filed by defendants Catherine Golden and Harp & Associates, LLC, is granted, and the complaint and amended complaint of plaintiff David A. Stebbins are dismissed without prejudice.

_____
Circuit Judge Gordon Webb

Dated, this the 17th day of January 2011.

Prepared by:
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: bdrennon@wlj.com

By /s/ Baxter O. Drennon
Edwin L. Lowther, Jr. (81107)
Baxter D. Drennon (2010147)
Attorneys for Catherine Golden
and Harp & Associates, LLC

12C00175

## IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
## CIVIL DIVISION

DAVID A. STEBBINS                                      PLAINTIFF

VS.                         NO. CV. 2011-332-4

CATHERINE GOLDEN and HARP & ASSOCIATES, LLC      DEFENDANTS

### ORDER DENYING MOTION FOR SANCTIONS

On this date this matter comes before the Court to consider the motion for sanctions filed by plaintiff David A. Stebbins. The Court, having reviewed the motion for sanctions, defendants' response to the motion for sanctions, and the brief in support of the response, is well and sufficiently advised, and makes the following findings:

1. Pursuant to Rule 11 of the Arkansas Rules of Civil Procedure, plaintiff has moved the Court to sanction defendants, Catherine Golden ("Golden") and Harp & Associates, LLC ("Harp"), for their failure to pick up the certified mail plaintiff sent them in an attempt to serve them with process. Plaintiff requests that the Court award him $50.00 for reimbursement for his costs associated with serving defendants, and assess $500 in punitive damages against them.

2. In relevant part, Rule 11 applies only to pleadings, motions or other papers signed by a party or its counsel that have no merit. Rule 11 also requires the moving party to serve a copy of the motion for sanctions on the opposing party 21 days before filing the motion with the Court to allow the opposing party an opportunity to take corrective action.

3. Plaintiff has made no allegation that Golden or Harp signed a pleading, motion, or other paper in violation of Rule 11.

4. Plaintiff filed his motion for sanctions on November 7, 2011, without having first served a copy of it on defendants in violation of the procedure set out in Ark. R. Civ. Pro. 11(b).

5. Because plaintiff has failed to follow the procedural requirements for a motion for sanctions and because he has failed to allege a violation of Ark. R. Civ. Pro. 11, his motion is denied.

6. Further, because there is no prevailing party in this matter, plaintiff's request for costs is premature and is denied.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that plaintiff David A. Stebbins' motion for sanctions against defendants Catherine Golden and Harp & Associates, LLC, is denied.

Circuit Judge Gordon Webb

Dated, this the 17d day of January, 2012.

Prepared by:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: bdrennon@wlj.com

By _____
Edwin L. Lowther, Jr. (81107)
Baxter D. Drennon (2010147)
Attorneys for Catherine Golden
and Harp & Associates, LLC