IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                    PLAINTIFF

VS.                          NO. 3:11-CV- 03078-PKH

HARP & ASSOCIATES REAL ESTATE SERVICES                    DEFENDANT

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

I.  INTRODUCTION

Plaintiff David Stebbins filed this complaint on September 9, 2011, alleging disability

discrimination under Section 504 of the Rehabilitation Act against Harp & Associates LLC

(incorrectly sued as "Harp & Associates Real Estate Services").  The complaint seeks two

things:  (1) punitive damages and (2) injunctive relief.

The complaint should be dismissed in its entirety.  First, plaintiff is not entitled to

punitive damages under the Rehabilitation Act.  Second, plaintiff's request for injunctive relief

is moot, since he moved out of the apartment at issue.  Finally, his complaint seeks federal

court review of state court decisions, which is barred by the *Rooker-Feldman* Doctrine.

Accordingly, his complaint should be dismissed with prejudice pursuant to Federal Rules of

Civil Procedure 12(b)(1) and (6).

II.  BACKGROUND

A.  Harp & Associates' unlawful detainer action against plaintiff.

The circumstances behind plaintiff's complaint for alleged disability discrimination

originated with an unlawful detainer action filed in the Circuit Court of Boone County,

Arkansas. Harp & Associates filed the unlawful detainer action to obtain a writ of possession and evict plaintiff from its apartment. On September 3, 2011, the Boone County Circuit Court granted Harp & Associates' request for a writ of possession. *See* Ex. 1 (Order of the Boone County Circuit Court dated September 3, 2011).[1] Six days later, on September 9, the state court granted Stebbins a stay of execution of the writ of possession, with the caveat that he post a surety bond of $2,500.00 on or before September 12, 2011. (*See* Doc. #7, pp. 3-4). Stebbins then moved out of the apartment on September 12, 2011. (*Id.*). Having won, Harp & Associates voluntarily non-suited its state court unlawful detainer action on September 14, 2011. (*Id.*).

### B. Plaintiff's present lawsuit.

Plaintiff filed this lawsuit on September 9, 2011, six days after the Boone County Circuit Court issued the writ of possession and three days before plaintiff moved out of the apartment at issue. In his complaint, plaintiff sought 1) punitive damages in the amount of $50,000.00, 2) an injunction "ordering [defendants] to cease and desist their discriminatory eviction actions," and 3) his costs incurred. (Doc. #1, "Relief Requested," ¶¶ 1-3).

Along with his complaint, plaintiff also filed a motion for preliminary injunction asking that the Court order Harp & Associates to stay its writ of possession and allow plaintiff to remain in the apartment. (Doc. #5). On November 11, 2011, the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas, submitted his Report and Recommendation on plaintiff's motion for a preliminary injunction.

---

[1] The order was filed of record on September 6, 2011. In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this Court is not precluded from taking notice of items in a public record. *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

(Doc. #7). Judge Marschewski noted that at the time plaintiff's complaint and motion were filed, the Court would have had to abstain from ruling due to the ongoing state-court unlawful detainer action, citing the abstention doctrine contained in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). However, Judge Marschewski then noted that plaintiff had since moved out of the apartment and the state action had been non-suited. Thus, he found that the motion for preliminary injunction -- which asked the Court to allow plaintiff to stay in the apartment -- was moot and recommended that it be denied. (Doc. #7). The Court adopted Judge Marschewski's Report and Recommendation in its entirety. (Doc. #13).


C. Plaintiff's additional state court lawsuit, and the dismissal of that lawsuit.

Approximately one month after filing his federal court complaint, plaintiff filed another complaint in Boone County Circuit Court. The complaint, styled a "Complaint for Abuse of Process," was made against Harp & Associates and its attorney, Catherine Golden. The complaint alleged that Ms. Golden and Harp & Associates "abused the legal process" by voluntarily non-suiting the unlawful detainer action after he had moved out of the apartment, thus allegedly depriving him of the opportunity to be heard on his counterclaims. *See Stebbins v. Catherine Golden and Harp & Associates, LLC*, CV 2011-232-4 (Cir. Ct. Boone County, Ark.). Plaintiff subsequently filed a motion for sanctions and costs, and the defendants filed a motion to dismiss or alternatively for summary judgment. On January 17, 2012, the Boone County Circuit Court denied plaintiff's motion for sanctions, and granted the defendants' motion to dismiss. *See* Ex. 2 (Orders of Boone County Circuit Court dated January 17, 2012).

## III. ARGUMENT

**A.      Plaintiff is not entitled to punitive damages under the Rehabilitation Act.**

Even if plaintiff has somehow asserted a cognizable claim—which he has not—he is not

entitled to punitive damages.  Federal courts have consistently held that punitive damages are

not available in suits based on § 504 of the Rehabilitation Act.  *See Barnes v. Gorman*, 536

U.S. 181, 189 (2002) ("Because punitive damages may not be awarded in private suits brought

under Title VI of the 1964 Civil Rights Act, it follows that they many not be awarded in suits

brought under ... § 504 of the Rehabilitation Act."); *see also R.P. ex rel. K.P. v. Springdale*

*Sch. Dist.*, 2007 WL 552117, at *8 (W.D. Ark. Feb. 21, 2007) ("Defendants correctly point

out that plaintiffs cannot recover punitive damages under [the Rehabilitation Act].") (citing

*Barnes*, 536 U.S. at 189); *Allen v. Altheimer Unified Sch. Dist.*, 2007 WL 1975626, at *5

(E.D. Ark. July 6, 2007) ("Nor are punitive damages available under the Rehabilitation Act.")

(citing *Barnes*, 536 U.S. at 189).  Accordingly, plaintiff's claim for punitive damages should

be dismissed.

**B.      Plaintiff's claim for injunctive relief should be dismissed for lack of subject-matter jurisdiction because that claim is now moot.**

Plaintiff's complaint also requests injunctive relief, but that claim is now moot.

Stebbins moved out of the apartment at issue over six months ago.  Thus, his claim for

injunctive relief should be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R.

Civ. P. 12(b)(1).

To invoke federal court jurisdiction, there must be an "actual, ongoing controversy within the meaning of Article III of the Constitution." *Iowa Protection and Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 543 (8th Cir. 2005). It is axiomatic that there is no justiciable controversy where "the question sought to be adjudicated has been mooted by subsequent developments." *Ozark Society v. Melcher*, 248 F. Supp. 2d 810, 818 (E.D. Ark. 2003) (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("[N]o justiciable controversy is presented ... when the question sought to be adjudicated has been mooted by subsequent developments.")); *see also Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.*, 138 F.3d 351, 354 (8th Cir. 1998) ("A claim for injunctive relief may become moot if challenged conduct permanently ceases."); *Flittie v. Erickson*, 724 F.2d 80, 81 (8th Cir. 1983) (noting that the controversy at issue "must exist during all phases of the litigation," and that substantial controversies "may become moot ... by the occurrence of subsequent events").

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (citing *United States Parole Comm'n v. Geraghty*, 455 U.S. 388, 396 (1980)). The Eighth Circuit has summarized the mootness doctrine as follows:

> The Supreme Court has repeatedly described the mootness doctrine as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693 145 L. Ed. 2d 610 (2000) (citations omitted). Thus, "[w]e do not have jurisdiction over cases in which 'due to the passage of time or a change in circumstances, the issues presented ... will no longer be 'live' or the parties will no longer have a legally cognizable interest in the outcome of the litigation.'" *Van Bergen v. Minnesota*, 59 F.3d 1541, 1546 (8th Cir. 1995) (quoting *Arkansas AFL-CIO v. FCC*, 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc)).

*National Right to Life Political Action Comm. v. Connor*, 323 F.3d 684, 691 (8th Cir. 2003).

Here, the primary thrust of plaintiff's complaint—and the primary relief that he seeks—is for an injunction "ordering [Harp & Associates] to cease and desist in their discriminatory eviction actions." (Doc. #1). That claim is now moot, as plaintiff vacated the apartment in question on September 12, 2011. Indeed, Judge Marschewski has already ruled that plaintiff's claim for injunctive relief is now moot (Doc. #7), and this Court adopted that finding in its entirety (Doc. #13).

Simply put, the Court cannot award plaintiff the relief that he seeks. Because there is no justiciable controversy, and because plaintiff's claim is now moot, this Court lacks subject-matter jurisdiction over plaintiff's complaint. Accordingly, his complaint should be dismissed with prejudice.

## C.   Plaintiff's lawsuit should be dismissed under the *Rooker-Feldman* doctrine.

Even if plaintiff's claims were not moot—which they are—his lawsuit seeks federal court review of a state court decision, and should thus be dismissed under the *Rooker-Feldman* doctrine. The Eighth Circuit has described that doctrine as follows:

> The *Rooker-Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. The only court with jurisdiction to review decisions of state courts is the United States Supreme Court. A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.

*Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (citations omitted); *see also*

*Skit Int'l, Ltd. v. DAC Technologies of Arkansas, Inc.*, 487 F.3d 1154, 1156-57 (8th Cir.

2007) ("*Rooker-Feldman* is implicated in that subset of cases where the losing party in a state

court action subsequently complains about that judgment and seeks review and rejection of

it."). Importantly, the *Rooker-Feldman* doctrine is "broader than claim and issue preclusion

because it does not depend on a final judgment on the merits," *Charchenko,* 47 F.3d at 983

n.1, and "forecloses not only straightforward appeals but also more indirect attempts by

federal plaintiffs to undermine state court decisions." *See Lemonds v. St. Louis County*, 222

F.3d 488, 492 (8th Cir. 2000).

In the initial state unlawful detainer action, the Boone County Circuit Court made

several rulings, all adverse to plaintiff. The court denied plaintiff's "Motion to Confirm

Arbitration Award," as well as his motion to dismiss Harp & Associates' complaint for

unlawful detainer. The court then granted Harp & Associates' request for a writ of possession.

It later granted plaintiff's motion for a stay of execution, with the caveat that he post a surety

bond of $2,500 on or before September 12, 2011. (Doc. #7). Plaintiff failed to post a surety

bond, and moved out of the apartment on September 12, 2011. Harp & Associates won, and

plaintiff did not appeal.

In the other state court case filed by plaintiff, styled a "Complaint for Abuse of

Process," the Boone County Circuit Court recently granted the defendants' motion to dismiss.

*See* Ex. 2.

To put it bluntly, plaintiff lost both state court fights and did not take the necessary

steps to appeal the adverse state court rulings. He is now asking this Court to award him relief

that, if provided, would be directly contrary to the state court's award of the writ of possession to Harp & Associates. He should not now be allowed to continue to harass Harp & Associates with vexatious and meritless litigation.[2] Plaintiff's complaint essentially seeks this Court's review and rejection of the Boone County Circuit Court's rulings, and thus is barred by the *Rooker-Feldman* doctrine.

## IV. CONCLUSION

Plaintiff is not entitled to the relief he requested since a) punitive damages are not available under Section 504 of the Rehabilitation Act and b) plaintiff's complaint is moot and fails to present a justiciable controversy for this Court to decide since he moved out of the apartment at issue over six months ago. Further, his complaint seeks federal court review of a state court decision, which is barred by the *Rooker-Feldman* doctrine. Therefore, plaintiff's complaint should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) and relevant federal law.

---

[2] This Court has already dealt with and dismissed plaintiff's initial foray into suing Harp & Associates. *See Stebbins v. Harp & Associates Real Estate Servs.*, 2011 WL 1668998, Case No. 3:11-CV-03029 PKH (W.D. Ark. May 3, 2011). Additionally, a brief search on PACER or Westlaw shows that plaintiff notoriously engages in systematic vexatious litigation against many different entities not only in the Western District of Arkansas, but also in federal courts across the country. *See, e.g., Stebbins v. Wal-Mart Stores Arkansas, LLC*, 2011 WL 1519390, at *2 (W.D. Ark. Apr. 14, 2011) (finding that plaintiff's "motion to confirm arbitration" should be dismissed, where his emails were "self-serving documents that did not form the basis for any conduct or performance on Wal-Mart's part"); *Stebbins v. Google, Inc.*, 2011 WL 5150879, at *5 (N.D. Cal. Oct. 27, 2011) (dismissing plaintiff's complaint to confirm arbitration award "[b]ecause Plaintiff has stated an indisputably meritless legal theory, and because Plaintiff's factual contentions are clearly baseless"); *Stebbins v. Texas*, 2011 WL 6130403, at *3 (N.D. Tex. Oct. 24, 2011) (dismissing case as frivolous because "Plaintiff's request to confirm an arbitration award against the State of Texas in the amount of $5,000,000,000,000.00 has no basis in law or fact," and warning plaintiff that "if he persists in filing frivolous lawsuits over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing *any further action* of any kind *in forma pauperis* and/or without prior court approval") (emphasis in original).

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: elowther@wlj.com
        mglover@wlj.com


By  _____
        Edwin L. Lowther, Jr. (81107)
        Matthew A. Glover (2008196)
        Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on March **28**, 2012, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system. Additionally, I certify that on March **28**, 2012, I

sent a copy of the foregoing via first class mail and email to the following:

David Stebbins
123 W. Ridge St., Apt. D
Harrison, AR 72601
stebbinsd@yahoo.com


_____
Matthew A. Glover


1115981-v1                          9