U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 04 2012
CHRIS R. JOHNSON, CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                             PLAINTIFF

VS.                        CASE NO. 11-3078

HARP & ASSOCIATES, LLC                      DEFENDANT

## BRIEF IN OPPOSITION TO MOTION TO DISMISS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in opposition to Defendant's motion to dismiss.

I should start off by establishing that *pro se* complaints are to be held to less stringent standards than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519 (1972). Defendant argues that I have "failed to state a claim," but even if they are correct, 99% of this can be attributed to the complaint merely being worded poorly. Because I am *pro se*, the *Haines* precedent mandates that the Court overlook any poor wording and instead allow me to pursue the gravamen case against the Defendant.

Defendant argues that my claim is now moot. In support of this argument, they claim that I "moved out" of the apartment. That is a lie and they know it. I did not "move out" of the apartment; I was *forced* out because of a writ of possession. Therefore, my claim for injunctive relief is not moot; I still seek being re-instated into the apartment, and furthermore, to be awarded retrospective injunctive relief and be credited with the increase in rent that I now must pay. I also seek prospective injunctive relief ordering Defendant to not discriminate against me again (e.g. if I ever want to *purchase* a home, they cannot refuse to negotiate a sale). That kind of relief is not moot.

Secondly, Defendant claims that I am seeking review of a state court decision. I am not doing that. The crux of this case was never actually litigated in state court. In state court, I sued

Defendant for abuse of process; in this case, I am suing Defendant for discrimination. The state court never found that Defendant did not discriminate against me and, indeed, lacks subject-matter jurisdiction to make that determination, as there is no Arkansas state equivalent to the Rehabilitation Act, Title III of the Americans with Disabilities Act, or Fair Housing Act. If there were, and I sued them in state court for an alleged violation of those laws, and I still lost, *then* Defendant may have a valid argument for the Rooker-Feldman doctrine.

Because I am *pro se* (and also because I am taken by surprise by Defendant's frivolous motion), I am having trouble finding exactly the right words. I hope this is enough.

As a side note, I find rather odd the actual *timing* of this motion. Motions to dismiss usually predate the filing of Answer, so why does Defendant wait, not only until after it has filed its Answer, but until after the 26(f) report is filed and the discovery has begun, to file such a motion?

Actually, I think that is just it: The discovery. My original discovery requests were pretty hardcore if I do say so myself, and upon actually reading them, Defense counsel knows that it will only take one batch of discovery requests before I have enough evidence to support a motion for summary judgment, so they start grasping at straws. It's almost funny.

Wherefore, premises considered, I respectfully request that Defendant's motion to dismiss be denied. It is so requested on this 31st day of March, 2012.

*David Stebbins* (signature)
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com