IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                    PLAINTIFF

VS.                               NO. 3:11-CV- 03078-PKH

HARP & ASSOCIATES REAL ESTATE SERVICES                  DEFENDANT

DEFENDANT'S REPLY TO
PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS
AND INCORPORATED BRIEF IN SUPPORT

Defendant Harp & Associates LLC (incorrectly sued as "Harp & Associates Real Estate

Services"), by and through its attorneys Wright, Lindsey & Jennings LLP, for its Reply to

Brief in Opposition to Motion to Dismiss of plaintiff David Stebbins ("Plaintiff"), states:

1.      By his own admission, Plaintiff's complaint seeks federal review of a state court

decision, which is precluded by the *Rooker-Feldman* doctrine.  Specifically, as stated in his

Brief in Opposition to Motion to Dismiss, Plaintiff seeks to be "re-instated into the apartment,"

which is a request that this court overrule the Boone County Circuit Court's decision to issue a

writ of possession.  As stated in the Motion to Dismiss, the *Rooker-Feldman* doctrine

"forecloses not only straightforward appeals but also more indirect attempts by federal

plaintiffs to undermine state court decisions." *See Lemonds v. St. Louis County*, 222 F.3d 488,

492 (8th Cir. 2000).  The writ of possession issued by the Boone County Circuit Court falls

within the purview of this doctrine, and it should not be overturned by this court.

2.      Because Plaintiff is seeking to be "re-instated into the apartment," which is

relief this court is precluded from awarding pursuant to the *Rooker-Feldman* doctrine, all

injunctive relief sought in plaintiff's Complaint and Brief in Opposition to Motion to Dismiss is

indeed moot. This Court is unable to issue an injunction "ordering [Harp & Associates] to cease and desist in their discriminatory eviction actions" since the Plaintiff has already vacated the apartment. Additionally, this Court is unable to provide "retrospective injunctive relief" crediting Plaintiff "with the increase in rent that [he] now must pay" since Plaintiff is not and will not be a tenant. Plaintiff was ordered by the Boone County Circuit Court to vacate the apartment, and that decision was wholly based on lawful, non-discriminatory reasons. In short, Plaintiff's claim for injunctive relief fails to present a justiciable controversy, and this Court lacks subject-matter jurisdiction over his complaint.

3.      Finally, Plaintiff continues to hide behind the fact that he is a pro se plaintiff in an effort to advance his meritless and vexatious litigation. While the court should overlook poorly worded pleadings from pro se litigants, Plaintiff's pleadings in the instant case fail to state a claim on which this court can grant relief. Admittedly, in ruling on motions to dismiss, courts generally construe allegations in pro se complaints liberally, and apply less stringent standards than those applied to professionally drafted complaints. *Levine v. Kling*, 922 F.Supp. 127 (N.D.Ill.1996). Nonetheless, a district court may, at any time, sua sponte dismiss a complaint for failing to state a claim where the allegations of complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *See Allen v. I.R.S. Com'r*, 624 F.Supp.2d 689 (N.D.Ohio 2008). Each of these adjectives can be used to describe Plaintiff's complaint in the instant case. This Court has already dealt with and dismissed Plaintiff's initial foray into suing Harp & Associates. He should not now be allowed to continue in his efforts to harass Harp & Associates with these types of claims.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: elowther@wlj.com
        sjewell@wlj.com

By _____
Edwin L. Lowther, Jr. (81107)
Seth R. Jewell (2011175)
*Attorneys for Harp & Associates LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10th, 2012, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system. Additionally, I certify that on April ___, 2012, I

sent a copy of the foregoing via first class mail and email to the following:

David Stebbins
123 W. Ridge St., Apt. D
Harrison, AR 72601
stebbinsd@yahoo.com

_____
Seth R. Jewell