

...ERN DISTRICT ARKA...
FILED
APR 19 2012
CHRIS R. JOHNSON, CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                 **PLAINTIFF**

VS.                              **CASE NO. 11-3078**

**HARP & ASSOCIATES, LLC**                          **DEFENDANT**

### BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my motion to compel discovery against Defendant.

In this brief, I wish to take each objection which Defendant has raised, one at a time, and explain why they each lack merit.

#### "Interrogatory/Request for Production No. # is overly broad..."

This objection was raised to every single interrogatory and request for production. It is legally meritless because a very very broad scope is afforded to discovery.

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

This broad scope which is afforded discovery is necessary, because without it, discovery would be wholly ineffective. Without this broad scope, litigants would be in a Catch-22 because they could not force discovery unless they already knew exactly what information was to be sought, which would negate the need to even have a discovery in the first place.

I will admit, my discovery requests were quite broad, because they request numerous

pieces of information all at once; each discovery request asks for all information in a category, rather than a specific piece of information.

However, it is not against discovery rules to request categories of information. I am not required to request only specific information. Why? Because the discovery rules do not prohibit it; everything is legal by default; a law must be passed to prohibit an act, and no law has been passed forbidding discovery requests that request categories of information.

Now that this objection has been sufficiently quelled, I now move on to the second objection which Defendant raised in response to every single discovery request I made.

### "... and confusing."

Defendant not only claims that my entire discovery is overly broad, but also that it is confusing. First of all, this is contradictory to other objections; if they cannot figure out what I am requesting, how do they know that I am asking for information that is protected by the attorney-client privilege?

Second, this objection is factually (as opposed to legally) meritless. As the Court can see, there is only one reasonable way that each discovery request can be interpreted. I even went out of my way to even give *examples* to help them understand the discovery request.

It appears as if Defendant is just being lazy; they just do not want to actually put forth any kind of concerted effort, so they will make an excuse. "Duuuuuuuuuuh... dat don't make no sense!"

I challenged Defendant to qualify its objection by giving at least two reasonable interpretations to each discovery request. See Exhibit B. As you may have guessed, they did not meet the challenge.

Now that I have quelled that objection, allow me to move onto...

### "...seeks information that is protected by the attorney-client privilege and attorney-work product doctrine..."

For someone who complains about me being "confusing," they sure seem to have some pretty big leaps in logic. Where exactly do they come to the conclusion that my requests are for information protected by the attorney-work product? It makes no sense.

This objection should be overruled on the grounds of lack of coherence.

### "is in violation of Fed. R. Civ. P. 33(a)'s prohibition against serving more than 25 written interrogatories."

It appears as if Defendant is arguing that the *discrete subparts* of my interrogatory cumulatively exceed the 25-interrogatory limit.

I have found a legal treatise which attempts to offer some guidance which the Federal Rules of Civil Procedure severely lack. I have enclosed this treatise as Exhibit C.

On the left side of page two of this treatise, it states:

> "Predictably, the "logically and factually subsumed" prong of the Kendall analysis has garnered much attention in subsequent court decisions. It has not led to a bright-line test about whether a subpart should be counted as a separate interrogatory, but courts use the Kendall test to see whether the subparts are logically or factually included in the original question. Under this approach, if a subpart is both factually subsumed in and is necessarily related to the primary question, it will not be counted as a discrete subpart, and thus not counted against the 25-interrogatory limit."

Such is the case here. Defendant's claim of too many discrete subparts fails as a matter of law because each subpart which they claim to be discrete are in fact very very closely related to each other. Therefore, this objection should be overruled.

### "Subject to and without waiving the foregoing objections, see attached."

This one is not really an objection, but it does need to be addressed. These sentences are at the end of each of their responses to my requests for production of documents. However, although these sentences promise an attachment of documents, no such attachment was actually

provided to me. All I got was their response to my requests for admissions, their response to my interrogatory (Exhibit A of this motion), and a cover letter. No documents were actually produced, and so the production should be compelled.

## Conclusion

As you can see, none of the Defendant's objections have merit. Some of them fail as a matter of law; some of them are factually frivolous, but all of them should be overruled.

Wherefore, premises considered, I respectfully request that the motion to compel discovery be granted.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com