## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

**DAVID A. STEBBINS**                                                    **PLAINTIFF**

**VS.**                              **NO. 3:11-CV- 03078-PKH**

**HARP & ASSOCIATES REAL ESTATE SERVICES**                    **DEFENDANT**

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### MOTION TO COMPEL DISCOVERY

Defendant Harp & Associates LLC (incorrectly sued as "Harp & Associates Real Estate Services" and referred to herein as "Harp") responds as follows to Plaintiff's Motion to Compel Discovery (the "Motion"):

1.      Admittedly, broad discovery is an important tool for the litigant. WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011).  Additionally, a party resisting discovery on the grounds that a request is overly broad has the burden to support its objection, unless the request is overly broad on its face.  St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 517 (N.D. Iowa 2000) (citing, Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999)).  Plaintiff's Interrogatories are patently over-broad and confusing such that Harp is unable to determine the scope or nature of the request.

2.      For example, Plaintiff's third Interrogatory seeks "an exhaustive and thorough set of explanations for why you did everything I accused you of doing in the Complaint and Requests for Admissions . . . ."  First, Harp denies that any of

the accusations of wrongdoing in the Complaint and Requests for Admissions are true. Because these accusations are false, it is factually impossible to provide an explanation for why Harp didn't do what plaintiff accuses it of doing. Additionally, it is not clear which allegations in the Complaint or Request for Admission require an explanation. Because of these issues, Harp is unable to respond and stands by its objection made in response to Plaintiff's request.

3.    In the alternative, Plaintiff should be ordered to amend or limit his Interrogatories to clarify what information is being sought. It is within the discretion of court to limit the scope of interrogatories, as opposed to striking them altogether. *See* Hesselbine v. von Wedel, 44 F.R.D. 431 (W.D.Okla.1968).

4.    Harp has attempted to answer Plaintiff's requests in good-faith and as thoroughly as possible. As to the requests to which it was unable to provide a response, Harp asked Plaintiff to amend or limit each Interrogatory for both specification and clarification. Plaintiff has failed to make a good-faith attempt to work with Harp in an effort to resolve this discovery dispute without court action. *See* Exhibit B to the Motion. Rather, within 48 hours of receipt of Harp's requests, Plaintiff filed the Motion. As a result, this court should deny Plaintiff's motion to compel and order Plaintiff to amend its Interrogatories and Requests for Production. *See* McGowan v. Gen. Dynamics Corp., 794 F.2d 361, 363–64 (8th Cir.1986) (holding the district court did not abuse its discretion in denying a broad discovery request in part because the movant "made no effort to limit the scope of her requests"...).

5.    Out of an abundance of caution, Harp asserted the attorney-client privilege and attorney work product doctrine in objecting to Plaintiffs' discovery. This objection is only made to the extent that the broad scope of each request seeks information protected by these doctrines.

6.    Plaintiff's requests exceed the limit of interrogatories permitted under Fed. R. Civ. P. 33(a). Attempting to circumvent this limitation, Plaintiff cites to a statement from an article which states, "If a subpart is both factually subsumed in and is necessarily related to the primary question, it will not be counted as a discrete subpart . . . ." *See* Exhibit C to the Motion. While it is true that subparts "factually subsumed in and <u>necessarily</u> related to" the primary question will likely not be considered discrete subparts, Plaintiff's request did not fit this criteria. Rather, Plaintiff seeks information pertaining to multiple specific and individual areas of the case. For example, Plaintiff's first Interrogatory requests, "an exhaustive and thorough set of explanations for why you made every denial that you made in your Answer and Response to Plaintiff's Requests for Admissions." This is not a single question with factually subsumed and necessarily related subparts. Rather, Plaintiff is seeking information pertaining to 14 factually specific and unrelated denials. In an attempt to avoid the limitations imposed by the Rule, Plaintiff couched his request in vague, over-broad and confusing language.

7.    An interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation. § 2168.1 Number of

Interrogatories, 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.). Interrogatories Nos. 1 and 3 obviously fit this criterion, and each should be disallowed by the Court.

8.    Plaintiff states in his Brief in Support of the Motion, that no documents were provided to Plaintiff in response to his Requests for Production. However, these documents were timely served on Plaintiff, although inadvertently attached to Harp's response to Plaintiff's Requests for Admission. Even so, copies of those documents previously provided to Plaintiff are again attached hereto as **Exhibit A** along with a Supplemental Response to Certain of Plaintiff's Requests for Production.

WHEREFORE, for the grounds stated in Harp's responses to Plaintiff's Interrogatories and Requests for Production and in this Response, Harp prays that the motion to compel discovery be denied and for all other proper relief.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL:   elowther@wlj.com
          sjewell@wlj.com

By _____
    Edwin L. Lowther, Jr. (81107)
    Seth R. Jewell (2011175)
    Attorneys for Defendant

## CERTIFICATE OF SERVICE

On May ___2___, 2012, a copy of the foregoing was served by First Class

U.S. Mail and by email on the following:

David Stebbins
123 W. Ridge, Apt. D
Harrison, AR 72601
stebbinsd@yahoo.com

Seth R. Jewell

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

**DAVID A. STEBBINS**                                          **PLAINTIFF**

**VS.**                    **NO. 3:11-CV- 03078-PKH**

**HARP & ASSOCIATES REAL ESTATE SERVICES**            **DEFENDANT**

### DEFENDANT'S SUPPLEMENTAL RESPONSES TO CERTAIN OF PLAINTIFF'S REQUESTS FOR PRODUCTION

Defendant Harp & Associates LLC (incorrectly sued as "Harp & Associates Real Estate Services"), by and through its attorneys Wright, Lindsey & Jennings LLP, for its supplemental responses to certain of plaintiff's requests for production, states:

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents in your possession – including otherwise private emails – that concern me in any way, shape, or form.

**RESPONSE:** Defendant re-states its objection to this Request for Production as set out in its initial response and in its response to Plaintiff's Motion to Compel. Subject to and without waiving these objections, see the attached responsive documents originally attached inadvertently to Plaintiff's Requests for Admissions as well as the following documents obtained since the time of Defendant's initial response: Fire Incident Report dated 03/14/2010 and Fire Incident Report dated 02/16/2011.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents which verify the truthfulness of your answers to each interrogatory. For example, I want all the documents in your possession which prove that the answer(s) given to Interrogatory #3

1121036-v1


EXHIBIT
A

(requesting the reasons – the *real* reasons -- why you wanted me to leave the apartment in the first place) really are the real reasons, and not just the reasons you come up with to keep the real reasons secret.  I also want all the documents that verify that the reasons you gave for your responses to Interrogatories #1 and #2 are actually the real reasons you made the denials, and not just cover up reasons for the real reasons, (which is, you don't want me to be able to win the case, even though you know you did wrong).

   **RESPONSE:**  Defendant re-states its objection to this Request for Production as set out in its initial response and in its response to Plaintiff's Motion to Compel. Subject to and without waiving these objections, see the attached responsive documents originally attached inadvertently to Plaintiff's Requests for Admissions as well as the following documents obtained since the time of Defendant's initial response: Fire Incident Report dated 03/14/2010 and Fire Incident Report dated 02/16/2011.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL:  elowther@wlj.com
          sjewell@wlj.com


By
Edwin L. Lowther, Jr. (81107)
Seth R. Jewell (2011175)
Attorneys for Defendant

## VERIFICATION

I, Randy Moore, do hereby state, on oath, that the facts and information set

forth above are true and correct to the best of my knowledge, information and belief.


RANDY MOORE
Harp & Associates, LLC
300 S. Main
Harrison, AR 72601

STATE OF ARKANSAS
COUNTY OF BOONE

On this __1__ day of _May_ , 2012, before me, a Notary Public,
personally appeared Randy Moore, an individual, who executed the foregoing
instrument for the purposes therein contained, by signing his name thereto.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public

My Commission Expires:
04-10-2018

CHRISTINE A CRINER
NOTARY PUBLIC-STATE OF ARKANSAS
NEWTON COUNTY
My Commission Expires April 10, 2018
Commission # 12366354

8

## CERTIFICATE OF SERVICE

On May _2nd_, 2012, a copy of the foregoing was served by First Class

U.S. Mail and by email on the following:

David Stebbins
123 W. Ridge, Apt. D
Harrison, AR 72601
stebbinsd@yahoo.com

Seth R. Jewell





*Harp and Associates*
*Real Estate Services*
300 SOUTH MAIN  HARRISON, ARKANSAS 72601
1-800-896-9210 ● 870-365-0321
207 STONE STREET   JASPER, ARKANSAS 72641
870-446-2730



February 15, 2011

David Stebbins
1407 N. Spring Rd, Unit 5
Harrison, AR 72601

Dear Mr. Stebbins,
It has come to our attention that your unit is in unsanitary condition and unsafe conditions exist by the number of electrical devises being plugged in and used causing a fire danger. For the safety of our other tenants we feel we must terminate your lease. This is a 30-day notice of eviction. You have until March 15, 2011 to vacate the property.

Respectfully,

Stephanie Sanders
Property Manager

FULL SERVICE REAL ESTATE - APPRAISALS - AUCTIONS - INTERNET MARKETING - PROPERTY MANAGEMENT
*Success Through Customer Satisfaction*
SEE ALL HARRISON REAL ESTATE AT: WWW.HARPANDASSOC.COM



# Harp and Associates
## Real Estate Services
300 SOUTH MAIN  HARRISON, ARKANSAS 72601
1-800-896-9210 • 870-365-0321
207 STONE STREET   JASPER, ARKANSAS 72641
870-446-2730



May 31, 2011

David Stebbins
1407 N Spring Rd, Apt.5
Harrison Ar 72601

Dear Mr. Stebbins,
This letter is to serve as notice that your lease agreement expires June 30th 2011.
Harp & Associates will not be renewing your lease therefore you will need to
vacate the property by this date.

Thank You

Stephanie Sanders
Property Manager

Jim Harp
Property Manager




David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

Harp & Associates
300 S. Main St.
Harrison, AR 72601

HAR
& ASSOCIATES
REAL ESTATE SERVICES

DAVID A STEBBINS                                                629
PH. 870-743-4386                                               bi-7020/2829
8527 HOPEWELL RD
HARRISON, AR 72601
                                               05-30-2011
                                                      Date

Pay to the
Order of    Harp & Associates              | $ 200.00

two hundred Dollars                          Dollars

FIRST FEDERAL
VoiceLine24
801-DIAL (Harrison area)
1-866-24JN1984 (toll free)

For  July 2011 rent          David A Stebbins

⑈2829702043⑈  5302742820⑊  0629

June 30, 2011

David Stebbins
1407 N Spring Rd, Apt. 5
Harrison AR 72601

Dear Mr. Stebbins,
You will find enclosed the rent check, which you sent us for the amount of $200
for July rent. We are unable to accept this as your lease expires June 30th 2011
and we expect you to move at that time.

We posted a notice on May 31st 2011 stating that your lease was to end on
June 30th 2011. Also, that we would not be renewing your lease and that you
would need to vacate the property by June 30th 2011.

Respectfully,

Stephanie Sanders
Stephanie Sanders
Property Manager

Jim Harp
Jim Harp
Property Manager

Hand delivered
to David on
June 30th. He
came to the door &
saw inside apt.



# LEGAL AID of ARKANSAS
### Equal Access to Justice

February 23, 2011

Ms. Stephanie Sanders
Property Manager
Harp & Associates
300 South Main
Harrison, AR 72601

      RE:   *Lease/Rental Agreement with David Stebbens*

Dear Ms. Sanders,

Recently David Stebbens received a letter from you dated February 15th, in which you state intention to terminate the Lease/Rental Agreement originally entered on August 13, 2008 (copy enclosed). Legal Aid of Arkansas will be representing Mr. Stebbens in this matter.

We deny that there are adequate grounds for eviction in this case, and hereby initiate Mr. Stebbens Section 8 grievance procedure.

I hereby remind you that any termination of a rental agreement by a landlord receiving federal funds must be carried out in accordance with HUD regulations, State and local law, and the terms of any agreement entered between the parties.

Furthermore, by federal statute and administrative regulations, individuals residing in public housing must be afforded "elements of due process" prior to being evicted. 24 C.F.R. 966.53. Under the applicable federal statute, public housing authorities must establish administrative grievance procedures sufficient for tenants to "(1) be advised of the specific grounds of any proposed adverse . . action; (2) have an opportunity for a hearing before an impartial party upon timely request . . .; (3) have an opportunity to examine any documents or records or regulations related to the proposed action; (4) be entitled to be represented by another person for their choice at any hearing; (5) be entitled to ask questions of witnesses and make other statements on their behalf; and (6) be entitled to receive a written decision on the proposed action." 42 U.S.C.A. 1437d(k).

We dispute your claim that Mr. Stebbens unit was unsanitary and unsafe due to a number of electrical devices being plugged in and causing a fire danger', and we hereby request a grievance procedure as soon as possible. It is our position that my client should remain in the property which is his current residence at 1407 North Spring, Unit 5, and that federal funding should continue.



**FUNDED BY**
Legal Services Corporation

HARRISON
816 North Main Street, Suite B • Harrison, AR 72601
Phone: (870) 741-2454 • Fax: (870) 741-4255
Toll Free: (800) 967-9224



Furthermore, we hereby request details on the specific grounds for eviction; i.e.- the basis of your claim of *"a number of electrical devices being plugged in and causing a fire danger."* Any termination of tenancy shall be preceded by the owner's provision of written notice to the tenant specifying the grounds for such action. *42 USC §1437f(d)(iv)*

Under *24 C.F.R. 966.54:*

> Any grievance shall be personally presented, either orally or in writing, to the PHA office or to the office of the project in which the complainant resides so that the grievance may be discussed informally and settled without a hearing. A summary of such discussion shall be prepared within a reasonable time and one copy shall be given to the tenant and one retained in the PHA's tenant file. The summary shall specify the names of the participants, dates of the meeting, the nature of the proposed disposition of the complaint and the specific reasons therefor, and shall specify the procedures by which a hearing under Section 966.55 may be obtained if the complainant is not satisfied.

Until this hearing is held, we emphasize that our client cannot be evicted before the elements of due process stated in this letter are met. I will ask the Housing Authority to make arrangements for the grievance presentation, and to notify us upon doing so.

Respectfully yours,

Michael Loggains
Attorney at Law

cc:    David Stebbens
Northwest Arkansas Regional Housing Authority



# LEGAL AID *of* ARKANSAS
### Equal Access to Justice

March 16, 2011

Ms. Stephanie Sanders
Property Manager
Harp & Associates
300 South Main
Harrison, AR 72601

     RE:   Reasonable Accomodation; *David Stebbens*

Dear Ms. Sanders,

As you were advised in my letter dated February 23rd, Legal Aid of Arkansas is representing Mr. Stebbens in this matter.

As you are aware, Mr. Stebbens is a qualified individual with a disability, as defined by the Fair Housing Amendments Act of 1988.

Because of his disability, Mr. Stebbens needs some steps taken in regard to the matter which is the basis of the case which we are involved in, i.e. – A "number of other electrical devices being plugged in and used causing a fire danger" (see your letter of February 15th). I intend to discuss these accommodations which would enable David to have equal opportunity to live in and enjoy this residence.

Please advise what, if any, additional information you need from David's health care provider in order to understand his disability and the limitations which it imposes.

Under the Fair Housing Amendments Act, it is unlawful discrimination to deny a person with a disability a reasonable accommodation of an existing building rule or policy if such accommodation may be necessary to afford such person full enjoyment of the premises.

Please keep this request for accommodation confidential, as required by federal law. Please feel free to call at your convenience in order to discuss this matter.

                            Respectfully yours,

                            Michael Loggains
                            Attorney at Law

cc:    David Stebbens
       Northwest Arkansas Regional Housing Authority



**LSC**
FUNDED BY
Legal Services Corporation

**HARRISON**
816 North Main Street, Suite B • Harrison, AR 72601
Phone: (870) 741-2454 • Fax: (870) 741-4265
Toll Free: (800) 967-9224



Arvest Bank
P.O. Box 799
Lowell, AR 72745

Date: 08-11-2011
ACCOUNT:0000000013628592
SERIAL: 0000000000 CC:855

CHARGEBACK NOTICE
The previously deposited item(s) listed has
been charged against your account and is
enclosed. Questions may be directed to
Arvest Bank customer service.

Item Amount $    200.00

HARP & ASSOCIATES LLC
PROPERTY MANAGEMENT TRUST ACCOUNT
300 S MAIN ST
HARRISON AR 72601-5318

DETACH HERE

*082900672*
08/11/2011
2942256135
This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

RETURN REASON (D)
CLOSED ACCOUNT

CLOSED ACCOUNT

DAVID A STEBBINS
PH. 870-743-4386
9527 HOPEWELL RD
HARRISON, AR 72601

630

July 28, 2011

Pay to the
Order of  Harp Realty    $ 200

two hundred    Dollars

FIRST
FEDERAL

For Aug 2011 rent    David A Stebbins

⑆282970204⑆  530274282⑈  0630

⑆282970204⑆  530274282⑈0630 ⑈00000200000⑈

Page 1 of 2

## Randy Moore

**From:** Anonymous Anonymous [anonymousxx12345xx@gmail.com]
**Sent:** Saturday, March 12, 2011 7:18 PM
**To:** info@harpandassociates.com
**Subject:** Read this

### Overview

The following is a contract between David A. Stebbins of Harrison, AR (me, myself, I), and Harp & Associates Real Estate Services (you), collectively known as "the Parties" (we, us). By performing any of the acceptance methods listed below, you hereby agree to be bound by the following terms:

### Findings

1. I am currently your tenant at the address of 1407 N Spring Rd, APT #5, Harrison, AR 72601
2. You currently want to evict me.
3. I am currently filing a case against you for wrongful eviction.
4. I want you to allow me to continue to live here.

### My consideration

I will increase my share of the rent for the month of April 2011 to $200.

### Your consideration

You may never evict me for any reason except repeated failure to pay rent. You will always accept Section 8 Federal Housing benefits, if I qualify for them. My share of the rent (whether I qualify for Section 8 housing benefits, or if I do not qualify, and my share is 100%) shall not exceed $200 per month. However, if my section 8 housing benefits reduce my share of the rent to less than that, I shall only pay that amount. Furthermore, if you want to evict me for any reason at all, you must first obtain leave from the arbitrator (per the arbitration agreement, as stated below).

### Arbitration

You hereby agree to settle all legal disputes with me – even those not related to this contract – to binding arbitration, using the services of either www.net-arb.com, the American Arbitration Association, or the National Arbitration Forum. Furthermore, you hereby agree to transfer the case spoken of in findings #2 and #3 to binding arbitration. If we use the American Arbitration Association, we will use the commercial rules.

### Forfeit Victory

3/14/2011

If you are served with an arbitration invitation, and do not accept this arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case. No actual arbitration award needs to be entered; I will simply win the relief I requested, without an arbitration hearing, or even without the arbitrator being any the wiser. If you receive the arbitration invitation in the mail, you must have your acceptance in the mail by the next business day to avoid this forfeit victory clause.

This forfeit victory clause will not extend to you. If I do not accept the arbitration agreement, you must obtain an order to compel arbitration.

### Acceptance method

You accept this contract if you, or your employees and/or affiliates, accept my next rent check of $200 per month. To avoid accepting this contract, you must return the check to me the same day that it was received, and unambiguously inform me that the *reason* you are not accepting the check is in rejection of this contract (even if you reject the check, if you do not specify that this contract's rejection is the reason, you will still be bound by this contract.

3/14/2011

Randy Moore

From:    Anonymous Anonymous [anonymousxx12345xx@gmail.com]
Sent:    Saturday, March 12, 2011 7:44 PM
To:      info@harpandassociates.com
Subject: Amendment

Harp,

I am hereby amending the arbitration agreement in this formal offer. If I want to bring a claim,
and I am deemed incapable of paying any of the costs, you hereby agree to pay it for me.

Thanks.

Page 1 of 1

## Randy Moore

From:    David Stebbins [stebbinsd@yahoo.com]
Sent:    Saturday, March 19, 2011 5:58 PM
To:      Info@harpandassociates.com
Subject: Why hasn't the rent cleared?

Dear Harp & Associates,

This is David Stebbins. I am sending this via email so that I can have a copy of this letter for my own records.

Anyway, after checking my bank records, I just realized that, after two thirds of the month is over, my rent check for March STILL has not cleared the bank.

This is unacceptable. I dropped the rent check in the drop box on the evening of February 28, the day before the rent was due. I distinctly remember doing that. Then, the next morning, I remember calling you and complaining about the mailbox. Do you remember me doing that?

Listen, Ms. Sanders, if you don't WANT the rent check, that is all fine and good, but I will NOT be evicted just because you wouldn't cash it.

If you want another rent check, you may request one (preferably by responding to this email). However, this rent check will only be for $192.00. No late fees, no nothing. It is YOUR fault for not cashing the original rent check. Also, you do not have my permission to cash both checks; if you cash both, I'm calling the cops.

If you do not request a second rent check for this month, by the time the month is over, it will constitute your acceptance of the following things:

1. You received my original rent check on time.
2. You voluntarily chose not to cash it,
3. You will not charge me any late fees, and
4. You will not evict me for failure to pay the rent, or pay it on time, for this reason.
5. Furthermore, this essentially means that I am excused from the rent for this month.

Thank you for your time.

Sincerely,

David Stebbins

Dear Harp & Associates,

     This is David Stebbins. You will find my rent check for the month of June 2011, but you should also find this letter. I am giving you one chance to avoid having to pay me thousands of dollars. I have already filed this case in the court, and if this ultimatum is not met by the time you are served with the lawsuit, then the offer is off the table.

     You have breached a contract against me. Do you remember in the month of April 2011 when I paid $200 in rent, instead of $192? Do not give me any bullshit about how you don't remember that, because I still have the receipt (in fact, I'm using that receipt as proof in this lawsuit). Well, on March 12, 2011, I had sent an email to info@harpandassociates.com, where I announced my intention to pay that heightened rent the following month. I also stated that, if you accepted that higher rent, it would constitute your acceptance to a myriad of terms. Among these terms include....

1. You won't evict me except for repeated failure to pay the rent.
2. Even then, you still cannot evict me until you first get approval from an arbitrator, allowing you to evict me.
3. Oh yes, did I forget to mention that you *also* agree to refer all legal disputes with me to arbitration?
4. Oh, and, as if that weren't enough, if you don't accept the arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case!
5. You could avoid all of those terms, and more, by simply refusing the $200 rent check and demanding the $192 rent check that I was normally supposed to pay. Therefore, avoiding the acceptance method was easy.

     Well, guess what I did when I found out that you weren't renewing my lease? I sent you an invitation to arbitrate a breach of that contract! Not only did I request an arbitrator order (the equivalent of a court order) forcing you to renew my lease agreement, as usual, but you also had to pay me $75,000 in damages!

     Oh, what's that? You don't think you should have to do either of those, let alone pay me $75,000? Well, tough. You should've accepted the arbitration invitation within the allotted time limit.

     Oh wait, you have another excuse? You don't check your email that often?! BOO FUCKING HOO! The email address was there; why would you advertise an email address on your website if you don't use it?

     And yes, that IS a valid method of accepting a contract. All I'm doing is the exact same thing that landlords often do, where they announce to their tenants that the terms are being amended, and the tenants' continued stay at the apartment constitutes their acceptance to those amendments. If it works with you, why can't it work with me? Give me one good reason why it shouldn't work!

     I will offer you one last chance (ONE FUCKING CHANCE) to avoid having to pay me that kind of money, and still have to allow me to reside here. Take it or leave it.

1. I want a written apology, posted on my door, from everyone at this company who has had a hand in breaching this amended lease agreement. No excuses, you must admit that you were wrong and it was your fault for not noticing the unilateral amendment to the term.
2. Your promise that the lease agreement will continue as it has for the past year.

     This offer is only on the table while the case is being processed in court. Once I have served you with the lawsuit, then this offer is off the table.

Thank you.

David Stebbins

*David Stebbins*

**Randy Moore**

| | |
|---|---|
| From: | David Stebbins [stebbinsd@yahoo.com] |
| Sent: | Friday, April 01, 2011 2:01 PM |
| To: | info@harpandassociates.com |

Subject: Arbitration Invitation

Here,

Print this out, sign it, and get it back to me.  Then, I'll sign it and give it to you, so you can enclose the filing fee.

I'd sign it, first, but my scanner doesn't work.

Sincerely,
David Stebbins

 American Arbitration Association
*Dispute Resolution Services Worldwide*

Please visit our website at www.adr.org if you      SUBMISSION TO DISPUTE RESOLUTION
would like to file this case online.
AAA Customer Service can be reached at 800-778-7879

The named parties hereby submit the following dispute for resolution, under the rules of the American Arbitration Association.

### To be completed and signed by all parties (attach additional sheets if necessary).

Rules Selected: ☐Commercial  ☐Construction  ☐Employment  ☒Other (please specify) consumer

Procedure Selected: ☒Binding Arbitration  ☐Mediation  ☐Other (please specify)_____.

NATURE OF DISPUTE:
The Defendants are refusing to renew my apartment's lease agreement in direct violation of an amended lease agreement. I seek $75,000 in damages and a specific performance to permanently stay the refusal to renew the lease agreement.

| Dollar Amount of Claim $ 75,000.00 | Other Relief Sought: ☐Attorneys Fees     ☐Interest |
| | ☒Arbitration Costs ☐Punitive/ Exemplary ☐Other _____ |

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Someone who has experience in contract issues

Amount Enclosed $ 975.00          In accordance with Fee Schedule:  ☐Flexible Fee Schedule  ☒Standard Fee Schedule

| HEARING LOCALE REQUESTED: desk arbitration | Estimated time needed for hearings overall: _____ hours  or  _____ days |

We agree that, if arbitration is selected, we will abide by and perform any award rendered hereunder and that a judgment may be entered on the award.

| Name of Party | | | Name of Party | | |
|---|---|---|---|---|---|
| David A. Stebbins | | | Harp & Associates | | |
| Address: | | | Address: | | |
| 1407 N Spring Rd, | | | 300 S. Main St. | | |
| APT #5 | | | | | |

| City: | State | Zip Code | City: | State | Zip Code |
|---|---|---|---|---|---|
| Harrison | AR | 72601 | Harrison | AR | 72601 |
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| 870-204-6024 | | | 870-365-0321 | | 870-365-0393 |
| Email Address: | | | Email Address: | | |
| stebbinsd@yahoo.com | | | info@harpandassociates.com | | |
| Signature (required): | | Date: | Signature (required): | | Date: |

| Name of Representative: | Name of Representative: |
|---|---|
| not applicable | |
| Name of Firm (if applicable) | Name of Firm (if applicable) |
| not applicable | |
| Address (to be used in connection with this case) | Address (to be used in connection with this case) |
| 1407 N Spring Rd, APT #5 | |

| City: | State | Zip Code | City: | State | Zip Code |
|---|---|---|---|---|---|
| Harrison | AR | 72601 | | | |
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| 870-204-6024 | | | | | |
| Email Address: | | | Email Address: | | |
| stebbinsd@yahoo.com | | | | | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. Send the original Demand to the Respondent.

# Randy Moore

**From:** Randy Moore [randymoore@windstream.net]
**Sent:** Friday, June 03, 2011 2:45 PM
**To:** Stephanie Lowe
**Subject:** FW: Why hasn't the rent cleared?

-----Original Message-----
**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Saturday, March 19, 2011 5:58 PM
**To:** info@harpandassociates.com
**Subject:** Why hasn't the rent cleared?

Dear Harp & Associates,

This is David Stebbins. I am sending this via email so that I can have a copy of this letter for my own records.

Anyway, after checking my bank records, I just realized that, after two thirds of the month is over, my rent check for March STILL has not cleared the bank.

This is unacceptable. I dropped the rent check in the drop box on the evening of February 28, the day before the rent was due. I distinctly remember doing that. Then, the next morning, I remember calling you and complaining about the mailbox. Do you remember me doing that?

Listen, Ms. Sanders, if you don't WANT the rent check, that is all fine and good, but I will NOT be evicted just because you wouldn't cash it.

If you want another rent check, you may request one (preferably by responding to this email). However, this rent check will only be for $192.00. No late fees, no nothing. It is YOUR fault for not cashing the original rent check. Also, you do not have my permission to cash both checks; if you cash both, I'm calling the cops.

If you do not request a second rent check for this month, by the time the month is over, it will constitute your acceptance of the following things:

1. You received my original rent check on time.
2. You voluntarily chose not to cash it,
3. You will not charge me any late fees, and
4. You will not evict me for failure to pay the rent, or pay it on time, for this reason.
5. Furthermore, this essentially means that I am excused from the rent for this month.

Thank you for your time.

Sincerely,

David Stebbins

6/3/2011

Randy Moore

From:     Randy Moore [randymoore@windstream.net]
Sent:     Friday, June 03, 2011 2:45 PM
To:       Stephanie Lowe
Subject:  FW: arbitration invitation


------Original Message------
From: David Stebbins [mailto:stebbinsd@gmail.com]
Sent: Tuesday, May 31, 2011 5:40 PM
To: Info@harpandassociates.com
Subject: arbitration invitation

Harp & Associates,

This is David Stebbins. I am filing this arbitration using this email address because, for some
reason, my yahoo email address, which I normally use, is not working right now.

Please sign this and return it to me by this time, tomorrow, along with the filing fee that you are
contractually obligated to pay, in order to avoid loosing automatically, via the forfeit victory
clause. Thank you.

Sincerely,
David Stebbins

### Overview

The following is a contract between David A. Stebbins of Harrison, AR (me, myself, I), and Harp & Associates Real Estate Services (you), collectively known as "the Parties" (we, us). By performing any of the acceptance methods listed below, you hereby agree to be bound by the following terms:

### Findings

1.      I am currently your tenant at the address of 1407 N Spring Rd, APT #5, Harrison, AR 72601

2.      You currently want to evict me.

3.      I am currently filing a case against you for wrongful eviction.

4.      I want you to allow me to continue to live here.

### My consideration

I will increase my share of the rent for the month of April 2011 to $200.

### Your consideration

You may never evict me for any reason except repeated failure to pay rent. You will always accept Section 8 Federal Housing benefits, if I qualify for them. My share of the rent (whether I qualify for Section 8 housing benefits, or if I do not qualify, and my share is 100%) shall not exceed $200 per month. However, if my section 8 housing benefits reduce my share of the rent to less than that, I shall only pay that amount.

### Arbitration

You hereby agree to settle all legal disputes with me -- even those not related to this contract -- to binding arbitration, using the services of either www.net-arb.com, the American Arbitration Association, or the National Arbitration Forum. Furthermore, you hereby agree to transfer the case spoken of in findings #2 and #3 to binding arbitration. If we use the American Arbitration Association, we will use the commercial rules.

### Forfeit Victory

If you are served with an arbitration invitation, and do not accept this arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case. No actual arbitration award needs to be entered; I will simply win the relief I requested, without an arbitration hearing, or even without the arbitrator being any the wiser. If you receive the arbitration invitation in the mail, you must have your acceptance in the mail by the next business day to avoid this forfeit victory clause.

### Acceptance method

You accept this contract if you, or your employees and/or affiliates, accept my next rent check of $200 per month. To avoid accepting this contract, you must return the check to me the same day that it was received, and unambiguously inform me that the *reason* you are not accepting the check is in rejection of this contract (even if you reject the check, if you do not specify that this contract's rejection is the reason, you will still be bound by this contract.

## Overview

The following is a contract between David A. Stebbins of Harrison, AR (me, myself, I), and Harp & Associates Real Estate Services (you), collectively known as "the Parties" (we, us). By performing any of the acceptance methods listed below, you hereby agree to be bound by the following terms:

## Findings

1.    I am currently your tenant at the address of 1407 N Spring Rd, APT #5, Harrison, AR 72601

2.    You currently want to evict me.

3.    I am currently filing a case against you for wrongful eviction.

4.    I want you to allow me to continue to live here.

## My consideration

I will increase my share of the rent for the month of April 2011 to $200.

## Your consideration

You may never evict me for any reason except repeated failure to pay rent. You will always accept Section 8 Federal Housing benefits, if I qualify for them. My share of the rent (whether I qualify for Section 8 housing benefits, or if I do not qualify, and my share is 100%) shall not exceed $200 per month. However, if my section 8 housing benefits reduce my share of the rent to less than that, I shall only pay that amount.

## Arbitration

You hereby agree to settle all legal disputes with me – even those not related to this contract – to binding arbitration, using the services of either www.net-arb.com, the American Arbitration Association, or the National Arbitration Forum. Furthermore, you hereby agree to transfer the case spoken of in findings #2 and #3 to binding arbitration. If we use the American Arbitration Association, we will use the commercial rules.

## Forfeit Victory

If you are served with an arbitration invitation, and do not accept this arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case. No actual arbitration award needs to be entered; I will simply win the relief I requested, without an arbitration hearing, or even without the arbitrator being any the wiser. If you receive the arbitration invitation in the mail, you must have your acceptance in the mail by the next business day to avoid this forfeit victory clause.

## Acceptance method

You accept this contract if you, or your employees and/or affiliates, accept my next rent check of $200 per month. To avoid accepting this contract, you must return the check to me the same day that it was received, and unambiguously inform me that the *reason* you are not accepting the check is in rejection of this contract (even if you reject the check, if you do not specify that this contract's rejection is the reason, you will still be bound by this contract).

Harp & Associates,

This is David Stebbins. I want you to know that I will NOT be moving out today.

To be honest, I tried to move out, but I have nowhere to go. No apartment in all of Harrison has any vacancies.

At first, I was panicking, but then, a little birdie told me something that was almost too good to be true: You haven't actually evicted me yet! To evict me, you have to go through the court system and sue me for the tort of unlawful detainer!

As you are aware, I am suing you to get the lease renewed. Unfortunately, it is taking a while to get that case in the door. I'm having to go to the state Supreme Court to get the case sorted out. This is why you have not yet been served with a preliminary injunction requiring you to allow me to continue to live here until we can sort this mess out.

I was panicking, at first. What am I going to do if I can't get this preliminary injunction? Am I literally just going to live on the streets?

Well, like I said before, you have to serve me with a lawsuit for unlawful detainer, and that must be done by first going through the court system, and then, I will have due process rights, and will have the opportunity to fight the eviction.

There *is* a criminal sanction, but it only applies to nonpayment of rent or disregarding a court order to vacate the property after the above-stated lawsuit for unlawful detainer has finished.

Even then, remember that I will probably move to compel arbitration, since I have amended our lease agreement to require us to resolve all disputes via arbitration.

Thank you.

Sincerely,
David Stebbins

| label:property-management | Search Mail | Search the Web | Show search options |
| --- | --- | --- | --- |

Create a filter

It looks like you have enabled Internet Explorer Compatibility V
Gmail works best if you turn this off.  Learn how to do thisDism

Mail
Contacts
Tasks

Compose mail

Inbox (9)
Buzz
Starred
Important
Sent Mail
Drafts (16)

Owners
Personal (16)
Property Managem.
Real Estate (5)
Sellers
Tenants
Travel
6 more ▾

Chat

Search, add, or invite

Stephanie Sanders
Set status here
Call phone
Lauren Lowe
God thinks about you a
Germaine
Jim Sanders
Stephanie Lowe
Stephen Beeler
Brandy Mincer
Christine Smith
Lisa
Robert
Ruth Waymire

Invite a friend
Give Gmail to:

Send Invite  50 left
Preview Invite

False Claims Act Qui Tam - www.AshcraftAndGerel.com/FalseClaim - Thinking of Blowing the Whistle?

Back to "Property Management"  · Remove label "Property Management"  | Report spam | Delete

More actions

**NOTICE TO VACATE**    X  Property Management  X

Stephanie Sanders                                                                          Jul 1

| | | |
| --- | --- | --- |
| from | David Stebbins stebbinsd@yahoo.com | hide details Jul 1  · Reply |
| reply-to | David Stebbins <stebbinsd@yahoo.com> | |
| to | Stephanie Sanders | |
| | <stephaniesanders2011@gmail.com> | |
| date | Fri, Jul 1, 2011 at 2:30 PM | |
| subject | Re: NOTICE TO VACATE | |
| mailed-by | yahoo.com | |
| signed-by | yahoo.com | |
| | Important mainly because it was sent directly to you. | |

Stephanie, you can just go ahead and sue me for unlawful detainer.  I'm not leaving the apartment.

Besides, I'm *already* suing you; merely, the judge is taking his dear sweet time signing off on my fee waiver.

If you sue me, I'll only file a motion to dismiss, because you've agreed to arbitration. Even if that is not granted, I will exhaust all of my appeals remedies before we even *reach* the merits of the unlawful detainer suit in court.

So, go ahead and sue me.  I'm not fucking leaving.

Thank you.
David Stebbins

Reply        Forward

Stephanie Sanders to randymoore                                    show details Jul 1  · Reply

- Show quoted text -

Reply        Forward

 **Fw: Maintenance requests**
3 messages

Stephanie Sanders <stephaniesanders2011@gmail.com>

---

randymoore@windstream.net <randymoore@windstream.net>
Reply-To: randymoore@windstream.net
To: Stephanie Sanders <stephaniesanders2011@gmail.com>

Wed, Aug 31, 2011 at 6:36 AM

Sent from my Verizon Wireless BlackBerry

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Wed, 31 Aug 2011 02:24:42 -0700 (PDT)
**To:** info@harpandassociates.com<info@harpandassociates.com>
**ReplyTo:** David Stebbins <stebbinsd@yahoo.com>
**Subject:** Maintenance requests

Dear Ms. Sanders,

This is David Stebbins. I am now more than ever quite confident that I will win our unlawful detainer action and be allowed to stay here. That being said, there are a few maintenance issues that need to be attended to, and I highly doubt that they have anything to do with my cleanliness.

1. The air conditioner is on-and-off. It will cool the apartment for a brief moment, but then, it will go to fan only.

2. My kitchenette has a light over it. The bulb is finally starting to burn out. It is now flickering on occasion. The bulb needs to be swapped.

3. The roof of my bathroom is leaking again. Last time it leaked, David the Maintenance Manager installed styrofoam ceiling panels, so that the roof wouldn't collapse on me, but it is still leaking. The water is dripping down and disturbing me during my bathing sessions.

These three issues need to be fixed a.s.a.p. Thank you.

Sincerely,
David Stebbins

---

Stephanie Sanders <stephaniesanders2011@gmail.com>
To: cathygolden@windstream.net

Wed, Aug 31, 2011 at 9:11 AM

Cathy,
The statement regarding the A/C unit not working properly is not true. It is normal for this unit to cycle that way. The apartment next door is the same unit and works the same way.

Stephanie

[Quoted text hidden]

---

Stephanie Sanders <stephaniesanders2011@gmail.com>
To: Robert <rjkratz@sbcglobal.net>

Wed, Aug 31, 2011 at 11:47 AM

Gmail - Fw: Are you shaking in your boots? Cuz I'm not!                                    Page 1 of 5

Stephanie Sanders <stephaniesanders2011@gmail.com>

📧 **Fw: Are you shaking in your boots? Cuz I'm not!**
9 messages

---

**randymoore@windstream.net** <randymoore@windstream.net>                    Wed, Aug 31, 2011 at 6:37
Reply-To: randymoore@windstream.net                                                                    AM
To: Stephanie Sanders <stephaniesanders2011@gmail.com>

· Sent from my Verizon Wireless BlackBerry

---

From: David Stebbins <stebbinsd@yahoo.com>
Date: Wed, 31 Aug 2011 01:56:23 -0700 (PDT)
To: info@harpandassociates.com<info@harpandassociates.com>
ReplyTo: David Stebbins <stebbinsd@yahoo.com>
Subject: Are you shaking in your boots? Cuz I'm not!

Hello, Stephanie.

I have a legit question that I would actually like you to answer. But first, let me rant a little bit.

I must say, I'm on Cloud Nine, after our hearing, last Monday! I mean, wow! I didn't expect it to
be so easy for me!

Granted, your own lawyer gave me a big help! A BIG help! When I cross-examined you, I was
unable to get you to admit having received the email that I send you on March 12. I was reduced
to simply arguing that there was no way you couldn't have received it. Do you remember me
doing that?

Then, on the re-direct, your lawyer rephrased my questions, and you *admitted* to getting that
email!

Your own lawyer dug your grave for you! YOUR OWN LAWYER! Your own lawyer took my
case and turned it from a case of "Well, how could you *not* get it," and turned it into one where
you blatantly admitted to every single fact of my case!

I would highly recommend that you consider charging her with legal malpractice. I doubt she has
five hundred thousand dollars to give you, but her life savings could at least *soften* the blow.
Besides, maybe she has insurance for this kind of stuff... I know doctors are supposed to have
malpractice insurance.

I also wonder if Harp & Associates has any liability insurance itself, for things like personal injury
due to lack of maintenance, or things like that. Maybe you do, and it'll be the insurance who will
have to pay the five hundred thousand. Who knows?

In any event, I'm excited and optimistic about the judge's decision. If he really thought my case
was bogus, he would have given you the writ of possession last Monday, as he promised to stay
enforcement of the writ pending his decision on my jurisdictional challenge. Rather, he didn't
give you the writ *at all*, let alone stay its enforcement, meaning that I really sowed some seeds of
doubt in his mind.

---

But, how do *you* feel? This is a legitimate question that I honestly want you to answer. I could tell that your lawyer was a bit uneasy after listening to my closing arguments, as she stood up, ever so slowly, to state that she had nothing to add. I could tell by the way her body swayed like a tree in the wind that she was about to faint out of feelings of guilt for letting her client down. But, I couldn't see *you* through her body, so I can't gauge how *you* felt, so please tell me how you felt. Did you feel confident? Did you feel queezy? How exactly did you feel?

Thank you, and please respond promptly.

Sincerely,
David Stebbins

---

**Stephanie Sanders** <stephaniesanders2011@gmail.com>
To: cathygolden@windstream.net

Wed, Aug 31, 2011 at 8:40 AM

Cathy,
We received this email from David Stebbins this morning a long with another one requesting maintenance repairs on his apartment. I do not plan on responding to his email other then taken care of his maintenance request. This is harassment.

Stephanie

[Quoted text hidden]

---

Cathy Golden <cathygolden@windstream.net>
To: Stephanie Sanders <stephaniesanders2011@gmail.com>

Wed, Aug 31, 2011 at 9:05 AM

Please send me the other email right away.

From: Stephanie Sanders [mailto:stephaniesanders2011@gmail.com]
Sent: Wednesday, August 31, 2011 8:41 AM
To: cathygolden@windstream.net
Subject: Fwd: Fw: Are you shaking in your boots? Cuz I'm not!

[Quoted text hidden]

---

Randy Moore <randymoore@windstream.net>
To: Stephanie Sanders <stephaniesanders2011@gmail.com>

Wed, Aug 31, 2011 at 11:21 AM

-----Original Message-----
From: Cathy Golden [mailto:cathygolden@windstream.net]
Sent: Wednesday, August 31, 2011 9:44 AM
To: Stebbinsd@yahoo.com
Subject: FW: Fw: Are you shaking in your boots? Cuz I'm not!

Dear Mr. Stebbins,

You are not to communicate directly with Harp & Associates, as it is represented by counsel. Any communication you wish to make with Harp must be through its counsel of record.

I request that you do not waste time with any rants or arguments. All your arguments have been made before the court and it appears the judge is giving them careful and appropriate consideration.

If you have maintenance issues, perhaps you should first contemplate the fact that you have not paid the rent for the last 2 months, and that you occupy the apartment without right. Send any maintenance requests to me, with a copy to Harp, unless the situation is an emergency.

Catherine F. Golden

Sprott & Golden

P. O. Box 1800

Harrison, Arkansas 72602-1800

502 N. Walnut Street

Harrison, Arkansas 72601

Phone: (870) 741 3633

Facsimile: (870) 741 5479

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 870 741 3633 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the above sender. Receipt of e-mail does not establish an attorney-client relationship.

**From:** David Stebbins <stebbinsd@yahoo.com>

**Date:** Wed, 31 Aug 2011 01:56:23 -0700 (PDT)

**To:** info@harpandassociates.com<info@harpandassociates.com>

**ReplyTo:** David Stebbins <stebbinsd@yahoo.com>

**Subject:** Are you shaking in your boots? Cuz I'm not!

Hello, Stephanie.

I have a legit question that I would actually like you to answer. But first, let me rant a little bit.

I must say, I'm on Cloud Nine, after our hearing, last Monday! I mean, wow! I didn't expect it to be so easy for me!

Granted, your own lawyer gave me a big help! A BIG help! When I cross-examined you, I was unable to get you to admit having received the email that I send you on March 12. I was reduced to simply arguing that there was no way you couldn't have received it. Do you remember me doing that?

Then, on the re-direct, your lawyer rephrased my questions, and you *admitted* to getting that email!

Your own lawyer dug your grave for you! YOUR OWN LAWYER! Your own lawyer took my case and turned it from a case of "Well, how could you *not* get it," and turned it into one where you blatantly admitted to every single fact of my case!

I would highly recommend that you consider charging her with legal malpractice. I doubt she has five hundred thousand dollars to give you, but her life savings could at least *soften* the blow. Besides, maybe she has insurance for this kind of stuff... I know doctors are supposed to have malpractice insurance.

I also wonder if Harp & Associates has any liability insurance itself, for things like personal injury due to lack of maintenance, or things like that. Maybe you do, and it'll be the insurance who will have to pay the five hundred thousand. Who knows?

In any event, I'm excited and optimistic about the judge's decision. If he really thought my case was bogus, he would have given you the writ of possession last Monday, as he promised to stay enforcement of the writ pending his decision on my jurisdictional challenges. Rather, he didn't give you the writ at *all*, let alone stay its enforcement, meaning that I really sowed some seeds of doubt in his mind.

But, how do *you* feel? This is a legitimate question that I honestly want you to answer. I could tell that your lawyer was a bit uneasy after listening to my closing arguments, as she stood up, ever so slowly, to state that she had nothing to add. I could tell by the way her body swayed like a tree in the wind that she was about to faint out of feelings of guilt for letting her client down. But, I couldn't see *you* through her body, so I can't gauge how *you* felt, so please tell me how you felt. Did you feel confident? Did you feel queasy? How exactly did you feel?

Thank you, and please respond promptly.

Sincerely,

David Stebbins

---

Stephanie Sanders <stephaniesanders2011@gmail.com>                     Wed, Aug 31, 2011 at 11:49 AM
To: Robert <rjkratz@sbcglobal.net>

Stephanie Sanders <stephaniesanders2011@gmail.com>

## Fw: Is this really what you want? Are you sure you don't want to call this whole thing off?

5 messages

---

randymoore@windstream.net <randymoore@windstream.net>
Wed, Sep 7, 2011 at 3:55 PM
Reply-To: randymoore@windstream.net
To: Stephanie Sanders <stephaniesanders2011@gmail.com>

Sent from my Verizon Wireless BlackBerry

---

From: Cathy Golden <cathygolden@windstream.net>
Date: Wed, 7 Sep 2011 15:51:06 -0500
To: David Stebbins<stebbinsd@yahoo.com>
Subject: Re: Is this really what you want? Are you sure you don't want to call this whole thing off?

Dear Mr. Stebbins,

The landlord wants you to move out as soon as possible. I am afraid there is no negotiation on that point.

It appears from your filings that you have done the research and therefore really do understand that you will have to move out by the 12th.

Cathy Golden

On Sep 4, 2011, at 8:34 AM, David Stebbins <stebbinsd@yahoo.com> wrote:

Dear Ms. Golden,

Please find attached to this email copies of my motion for a temporary stay, and my supplement to my motion for reconsideration.

However, along with those documents, I'd also like to talk to your client (indirectly through you) informally about this case. Everything beneath the dotted line below is directed specifically to Stephanie Sanders, so if you find it to be unintrusive and unthreatening, please go ahead and forward it to her, and see what she thinks.

Here's my offer: I'll go ahead and call off the appeal of the arbitration, if your clients will go ahead and call off the writ of possession and allow me to continue to stay here. Forget for a minute which party is likely to win the case; instead, let's think about whether or not the case was morally justified (as opposed to legally justified) to begin with!

Upon reading this yourself, you may even find some issues in place that Stephanie hadn't told you about, yet. Maybe your moral compass will kick in, and you might want to encourage Stephanie to take this settlement.

Anyway, here's the letter to Stephanie:

-----------------------------------------------------------------------------
-----------

Stephanie,

Is this really what you want? I mean, think about it: Why do you even want me out in the first place? And yes, I know that you don't *need* a reason, legally speaking, but from a moral perspective, you should have one.

So far, you've given me reasons that would be sufficient reasons to want me out, if these reasons were true. However, the reasons you've given are *not true*! And I can prove it!

In fact, not only *can* I prove it, but I *have* proven it! I *have* proven that I've really done *nothing* to honestly deserve eviction! I've offered plenty of proof, in order to convince just about everybody *but* you. You're the only one in this whole situation who seems to be sticking your fingers in your ears and going "la la la la la la la la."

This is why I'm unilaterally modifying the lease amendment. This is why I'm filing the counter-claim against you for five hundred thousand dollars. The reasons you claim that you want me out... you've been met with so much proof in the past that these reasons are not true, that the only logical explanation is that these aren't the real reasons you want me out... the *real* reasons have to be something else that you're embarrassed to say out loud.

That's why I'm doing what I'm doing. It's not fair to me, and it's not fair to the neighbors who all want me to leave. Yeah, haven't you listened to all the things that Lynn and the Adkins family have been saying?! They've referred to me as one of the best neighbors I've ever had!

Of all the reasons you've given me, none of them are true, and I either have, or can easily obtain. cold hard evidence proving that these are not true.

You talk about my lack of cleanliness and keeping the apartment in an unsanitary condition, causing pest problems. However, I'm not the one who caused those pest problems. The Pest-X guy who comes and sprays every month... he told me himself that the pest problem was caused by the guys who used to live directly above me, where the Atkins family lives now.

I admit that my cleanliness has been less than ideal, but as far as health risks for the neighbors are concerned, no, I'm not causing any health risks!

Call up the Pest-X people, and ask them to verify that for you. Ask them who they think were causing the problems.

Furthermore, the Adkins family has told me that they have three electrical outlets that don't work, anymore, because the roaches ate all the wiring, thus proving that it was *that* apartment that was the *source* of the roach problem!

So, you argue lack of cleanliness, I say... no harm no foul!

Next, you argue that I was causing a fire danger, due to a number of electrical devices being plugged in. While I admit that a couple of small fires broke out in my apartment, I still, to this day, assert that those fires were *not my fault*!

You say that they were caused by my computer, due to how many electrical devices I have plugged in at once, but that is simply not true! Your records are simply full of crap!

The first fire was caused by your air condition – *your* air conditioner, not mine, but yours – short circuiting. I can prove this in two ways:

First, I can show you the air conditioner's plug; it is clearly *not* the plug that it was built with. The reason for that is because the electrician had to cut off the original plug and replace it with the plug it has now. This proves that it was *that* object that caught fire, not my television or video game consoles.

Second, I can probably obtain the Fire Department's records. I'm sure they keep them. They would probably provide a summary of the incident, and if they did, that summary would probably give an explanation of how the fire started.

I was not using the air conditioner for any unusual purpose. I was using it to cool the room during the summer. Nothing more, nothing less. I was not overloading it, I was not running it day and night. I was not doing anything with it that you shouldn't be doing with an air conditioner.

So, the first fire was not my fault. Next fire:

It was not my computer, or my printer, or my Internet modem, or anything else. It was a plug-in heater that I was using to keep myself warm during the winter! Again, I can prove this in two ways:

First, I still have the heater. I've kept it, intending to use it as an exhibit, if it ever becomes needed. I can show you the heater, and show you the melted plug, to prove that it was that object – not any computer or computer accessory – which caught fire.

Second, I have a witness. When the fire broke out, I ran up to the Adkins' apartment and urged them to call 9-1-1. The patriarch, Jarrod, called 9-1-1, while the matriarch (I never caught her name) came down and took a look at the fire. She can testify that she smelt smoke and saw a charred electrical socket with a heater laying next to it, with the plug now melted and having fallen out of the socket.

Now, while it was *my* heater, not yours (unlike the air conditioner), the fire was *still* not my fault. Again, I was not using that heater for any unusual purpose. I was using it for what it was designed for: Heating a room, nothing more, nothing less. I kept it on all night, sure, but I turned it off during the day, and allowed the sun's heat to seep into my windows and cause a greenhouse affect.

I was not overloading the socket, either. As Mrs. Adkins can testify, when she saw the aftermath of the fire, the heater was the only electrical device that was close enough to the charred electrical socket... nothing else could have possibly been plugged in. Furthermore, she did not see any remnants of any kind of thing that I might have put in between the heater and the socket, such as extension cords, power strips, or anything like that.

So, there you have it: The two reasons which you've given me for why you want me to leave the apartment have been discredited, so can you please tell me why you still insist on me leaving? Why do you want me out so badly? You're a nice person, and you do not seem like the kind of person who would want to do something like this to somebody who doesn't deserve it, and I don't deserve this! None of this is my fault! I'm just a victim of circumstance, nothing more and nothing less! So why do you continue to be so stubborn?

Listen, Stephanie, I'm willing to call off my appeal of arbitration (which I am confident of winning, by the way, as the Circuit Court judge himself stated that I was extremely logical and clever in my arguments, and I really only lost due to a technicality that should not have been present. Ask your lawyer about what I'm talking about), and I'm also willing to call off the unilateral amendment to the lease agreement (provided that you return the eight dollars that I spent in getting it).

All I ask in return is that you call off the unjustified eviction. Allow me to continue to stay here, and continue to receive Section 8 Federal Housing Benefits, unless something happens that *really is* my fault, and that actually causes harm (as opposed to the petty lack of cleanliness that isn't really causing any problems for the neighbors at all).

Please continue to receive Section 8 Federal Housing Benefits if I can qualify for them. I'll pay $350 per month (which is how much you've been getting from Section 8; remember, this apartment is officially a studio apartment, as far as Section 8 is concerned) if I don't qualify for the benefits, but I still want you to take them if I do qualify.

If we have a dispute regarding this lease agreement, let's go ahead and submit it to arbitration, using a panel of three arbitrators (three instead of one, because that reduces the chances of error). This way, disputes are resolved straight away, and we don't have to spend months and months going through tons of appeals. Having a panel of three arbitrators will reduce the likelihood of there being an error that would otherwise be reversed on appeal.

No forfeit victory clause; we're trying to eliminate the cut throat tactics, so I'll go ahead and waive the forfeit victory clause.

We can use either the American Arbitration Association, or the National Arbitration Forum.

Each party can choose one arbitrator, and those two arbitrators will select the third. The third arbitrator who is chosen by the first two will preside over the proceeding.

Furthermore, the arbitration agreement will be governed by the Arkansas Arbitration Act of 2011. Earlier this year, the Arkansas Legislature adopted a revised Arbitration Act that has a lot more guarantees of fairness. This statute reduces the odds that either party will be wrongly deprived of justice.

And here's the best part: You know how you'll be promising to not evict me and not refuse to renew my lease unless something happens that really is my fault? Well, that can apply retroactively. If you are still sufficiently confident that the incidents which

prompted this lawsuit are justified in your favor, we can go ahead and submit that to arbitration, and you can go ahead and evict me, anyway.

If you'll agree to all that, then we can go ahead and file a notice of settlement with the Court, and we can get this son of a bitch over with!

Whaddaya say? Will you live up to your reputation and actually give me a chance at being treated fairly? Will you be open to the possibility that you are mistaken about the facts? Please, think about this.

Sincerely,
David Stebbins

<Supplement to Motion for Reconsideration.doc>

---

**Stephanie Sanders** <stephaniesanders2011@gmail.com>                    Thu, Sep 8, 2011 at 9:59 AM
To: Robert <rjkratz@sbcglobal.net>

Rob,
I received this email this morning and wasn't sure if you have received it or not but wanted to forward it on to you just in case.

Stephanie

[Quoted text hidden]

---

**Stephanie Sanders** <stephaniesanders2011@gmail.com>                    Thu, Sep 8, 2011 at 11:40 AM
To: harprealserve@windstream.net

---------- Forwarded message ----------
From: <randymoore@windstream.net>
Date: Wed, Sep 7, 2011 at 3:55 PM
[Quoted text hidden]

---

**randymoore@windstream.net** <randymoore@windstream.net>                    Thu, Sep 8, 2011 at 7:01
                                                                                                PM
Reply-To: randymoore@windstream.net
To: Stephanie Sanders <stephaniesanders2011@gmail.com>

Sent from my Verizon Wireless BlackBerry

---

From: Cathy Golden <cathygolden@windstream.net>
Date: Thu, 8 Sep 2011 15:30:20 -0500
To: <info@harpandassociates.com>
Subject: Fwd: Is this really what you want? Are you sure you don't want to call this whole thing off?

More from Mr. Stebbins.

Sent from my iPhone

Begin forwarded message:

From: David Stebbins <stebbinsd@yahoo.com>
Date: September 7, 2011 4:00:27 PM CDT
To: Cathy Golden <cathygolden@windstream.net>
Subject: Re: Is this really what you want? Are you sure you don't want to call this
whole thing off?
Reply-To: David Stebbins <stebbinsd@yahoo.com>

That still does not mean that it is over.

Even if I have to move out, I'm still doing the appeal on the arbitration issue. Even if
I can't get the stay pending the appeal (and I'm working on getting that superseades
bond), that will only hurt your client, later on. When I win the appeal (and I *do*
expect to win it, as Hon. Webb made some rather noticeable errors of law, which you
can review by taking a look at my motions for reconsideration), then I will have the
right to move right back in here, and your client will have to evict whoever they've
gotten to rent this apartment in the meantime, and only give him a few days notice, at
that. That means that your client will have to breach the new lease amendment with
the new tenant and pay that new tenant the damages *he* suffers.

So basically, it would be in your best interest to *consent* to the stay pending appeal
that I'm requesting, superseades bond or no superseades bond. Because it is best to
play it safe, and that way, you can at least get some blasted *rent* for these months that
I'll still be here, without risking having to breach another lease amendment and force
that guy to move out on the fly.

Even without your consent, I can still get the stay pending the appeal. I've got a
relative willing to be the surety for the superseades bond; the only problem is actually
getting the *form* of the bond correctly. We'll be heading down to Legal Aid,
tomorrow, to figure that one out. And then, you won't get a *dime* from me until the
appeal is over, and even then, only if I loose the appeal.

Even if I loose the appeal, I can still appeal it to the Arkansas Supreme Court, and
even then, I can appeal it to the *Federal* Supreme Court! And yes, I do think the
Supreme Court would be interested in hearing this case, because they like to hear
cases involving circuit splits (click here for proof), and there is a rather sizable circuit
split regarding whether or not the three-month time limit to applies when you are
challenging the very existence of an arbitration agreement in the first place. Believe
it or not, Arkansas is actually in the *minority* of states that have held that the time
limit doesn't apply in such a case, so I actually have an advantage on this issue, going
into the Federal Supreme Court.

So yeah, it's not over, not by a loooooooong shot!

Please let your clients know about that, if you will.

Stephanie Sanders <stephaniesanders2011@gmail.com>

### Fw: Fwd: Motion for stay pending federal discrimination case
2 messages

randymoore@windstream.net <randymoore@windstream.net>                    Thu, Sep 8, 2011 at 6:59 PM
Reply-To: randymoore@windstream.net
To: Stephanie Sanders <stephaniesanders2011@gmail.com>

Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: Cathy Golden <cathygolden@windstream.net>
Date: Thu, 8 Sep 2011 15:34:03
To: <info@harpandassociates.com>
Subject: Fwd: Motion for stay pending federal discrimination case

More of the same. I am looking forward to Monday.

Cathy Golden

Begin forwarded message:

> From: David Stebbins <stebbinsd@yahoo.com>
> Date: September 8, 2011 7:11:00 AM CDT
> To: Cathy Golden <cathygolden@windstream.net>
> Subject: Motion for stay pending federal discrimination case
> Reply-To: David Stebbins <stebbinsd@yahoo.com>
>
> Ms. Golden,
>
> Please find attached my motion for a stay of enforcement of the writ of possession, pending disposition of
our federal discrimination case (which I am currently in the process of filing against your clients).
>
> Yep, looks like you loose, after all!  Looks like your clients are in deep shit now!  I don't think you even do
discrimination cases, so there ya go, motherfucker!
>
> Sincerely,
> David Stebbins
>

More of the same. I am looking forward to Monday.

Cathy Golden

Begin forwarded message:

> From: David Stebbins <stebbinsd@yahoo.com>
> Date: September 8, 2011 7:11:00 AM CDT
> To: Cathy Golden <cathygolden@windstream.net>
> Subject: Motion for stay pending federal discrimination case
> Reply-To: David Stebbins <stebbinsd@yahoo.com>

Ms. Golden,

Please find attached my motion for a stay of enforcement of the writ of possession, pending disposition of our federal discrimination case (which I am currently in the process of filing against your clients).

Yep, looks like you loose, after all!  Looks like your clients are in deep shit now!  I don't think you even *do* discrimination cases, so there ya go, motherfucker!

Sincerely,
David Stebbins

 **State Motion for Stay Pending Federal Lawsui.doc**
79K

---

**Stephanie Sanders** <stephaniesanders2011@gmail.com>
To: Robert <rjkratz@sbcglobal.net>, harprealserve@windstream.net

Fri, Sep 9, 2011 at 8:38 AM

[Quoted text hidden]

 **State Motion for Stay Pending Federal Lawsui.doc**
79K

**A**
| 05300 | AR | MM 02 DD 16 YYYY 20 | St1 | 2011065 | 0 | NFIRS - 1 |
|---|---|---|---|---|---|---|
| FDID | State | Incident Date | Station | Incident Number | Exposure | Basic |

**B Location**

1 - Street address
Address Type

1407 N Spring Rd
Number/Milepost | Prefix | Street or Highway | Street Type | Suffix

Harrison
Apt./Suite/Room | City | AR State | 72601 Zip Code

Census Tract

Cross street or directions, as applicable

**C Incident Type**
100 - Fire, other
Incident Type

**D Aid Given or Received**

Their FDID | Their State | Their Incident Number

N - None
Type Aid Given or Received

**E1 Dates & Times**   Midnight is 0000

| | Month Day Year | Hour Min Seconds |
|---|---|---|
| Alarm | 02/16/2011 | 08:14:12 |
| Arrival | 02/16/2011 | 08:16:51 |
| Controlled | 02/16/2011 | 08:28:09 |
| Last Unit Cleared | 02/16/2011 | 08:28:09 |

**E2 Shifts & Alarms** Local Option
A Shift or platoon | 1 Alarms | 1 District

**E3 Special Studies** Local Option
Special Study ID# | Special Study Value

**F Actions Taken**

86 - Investigate

Actions Taken

**G1 Resources**
☒ Check this box and skip this section if an Apparatus or Personnel form is used.

| | Apparatus | Personnel |
|---|---|---|
| Suppression | 3 | 16 |
| EMS | 0 | 0 |
| Other | 0 | 0 |

☒ Check box if resource counts include aid received resources.

**G2 Estimated Dollar Losses & Values**
LOSSES: Required for all if known. Optional for non fires.
Property $ 0
Contents $ 0
PRE-INCIDENT VALUE: Optional
Property $ 0
Contents $ 0

**H1 Casualties**
| | Deaths | Injuries |
|---|---|---|
| Fire Service | 0 | 0 |
| Civilian | 0 | 0 |

**H2** Detector

**H3** Hazardous Materials Release

**I** Mixed Use Property

**J** Property Use  429 - Multifamily dwellings

**K1 Person/Entity Involved**

Mr., Ms., Mrs. | First Name | MI | Last Name | Suffix

300 Main ST
Number | Prefix | Street or Highway | Street Type | Suffix

Post Office Box | Apt./Suite/Room | Harrison City | Street Type | Suffix

AR State | 72601 Zip Code | Harp Realty Business name (if applicable) | 8703650321 Area Code Phone Number

**K2 Owner**

Mr., Ms., Mrs. | First Name | MI | Last Name | Suffix

300 Main ST
Number | Prefix | Street or Highway | Street Type | Suffix

Post Office Box | Apt./Suite/Room | Harrison City | Street Type | Suffix

AR State | 72601 Zip Code | Harp Realty Business name (if applicable) | 8703650321 Area Code Phone Number

**A**

| FDID | State | Incident Date | Station | Incident Number | Exposure |
|---|---|---|---|---|---|
| 05300 | AR | MM 02/16/2 YYYY | St1 | 2011065 | 0 |

NFIRS - 2
Fire

**B  Property Details**

**B₁** 8    N    Not Residential
Estimated number of residential living units in building of origin

**B₂**
Number of buildings involved

**B₃**
Acres burned (outside fires)

**C  On-Site Materials or Products**

On-site materials

On-site materials use

**D  Ignition**

**D₁** 75 - Wall assembly
Area of fire origin

**D₂** 13 - Arcing
Heat source

**D₃** 81 - Electrical wire, cable
Item first Ignited

**D₄**
Type of material first ignited

Confined to object of origin

**E₁  Cause of Ignition**

2 - Unintentional
Cause of Ignition

**E₂  Factors Contributing To Ignition**

30 - Electrical failure, malfunction, other

Factors contributing to ignition

**E₃  Human Factors Contributing To Ignition**

N - None

Estimated age of person involved

Gender of person involved

**F₁  Equipment Involved In Ignition**

Equipment Involved

Brand

Model

Serial #

Year

**F₂  Equipment Power**

Equipment power source

**F₃  Equipment Portability**

Equipment portability

**G  Fire Suppression Factors**

Fire suppression factors

**H₁  Mobile Property Involved**

Mobile property Involved

Mobile property model

License plate number    State

**H₂  Mobile Property Type & Make**

Mobile property type

Mobile property make

Year

VIN number

**Local Use**

| A | | MM    DD    YYYY | | | | | NFIRS |
|---|---|---|---|---|---|---|---|
| 05300 | AR | 02/16/26 | ST1 | 2011065 | 0 | | Remarks |
| FDID | State | Incident Date | Station | Incident Number | Exposure | | |

**Remarks**

A caller called and said there was a fire at 1407 N Spring Rd. When the first Eng arrived they found a outlet had shorted out.

| M | Authorization | | | | | |
|---|---|---|---|---|---|---|
| 305 | Darrell    Page | SRLT | ST1 | 02/16/2011 | | |
| Officer in charge ID | Signature | Position or rank | Assignment | Month    Day    Year | | |
| 305 | Darrell    Page | SRLT | ST1 | 02/16/2011 | | |
| Member making report ID | Signature | Position or rank | Assignment | Month    Day    Year | | |

**A** | FDID: 05300 | State: AR | Incident Date: MM/DD/YYYY 03/14/20.. | Station: | Incident Number: 2010093 | Exposure: 0 | **NFIRS - 1 Basic**

**B** Location

Address Type: 1 - Street addres

Number/Milepost: 1407 | Prefix: | Street or Highway: North spring | Street Type: | Suffix:

Apt./Suite/Room: | City: harrison | State: AR | Zip Code: 72601

Census Tract:

Cross street or directions, as applicable

**C** Incident Type

Incident Type: 600 - Good intent call.

**D** Aid Given or Received

Their FDID: | Their State: | Their Incident Number:

Type Aid Given or Received: N - None

**E1** Dates & Times    Midnight is 0000

| | Month | Day | Year | Hour | Min | Seconds |
|---|---|---|---|---|---|---|
| Alarm | 03/14/2010 | | | 08:20:05 | | |
| Arrival | 03/14/2010 | | | 08:23:10 | | |
| Controlled | | | | | | |
| Last Unit Cleared | 03/14/2010 | | | 08:30:28 | | |

**E2** Shifts & Alarms    Local Option

Shift or Platoon: a | Alarms: 1 | District: 2

**E3** Special Studies    Local Option

Special Study ID#: | Special Study Value:

**F** Actions Taken

Actions Taken: 86 - Investigate

**G1** Resources

☒ Check this box and skip this section if an Apparatus or Personnel form is used.

| | Apparatus | Personnel |
|---|---|---|
| Suppression | 3 | 9 |
| EMS | 0 | 0 |
| Other | 0 | 0 |

☒ Check box if resource counts include aid received resources.

**G2** Estimated Dollar Losses & Values

LOSSES: Required for all fires if known. Optional for non fires.

Property $ _____
Contents $ _____

PRE-INCIDENT VALUE: Optional

Property $ _____
Contents $ _____

**H1** Casualties

| | Deaths | Injuries |
|---|---|---|
| Fire Service | 0 | 0 |
| Civilian | 0 | 0 |

**H2** Detector

**H3** Hazardous Materials Release

**I** Mixed Use Property

**J** Property Use    429 - Multifamily dwellings

**K1** Person/Entity Involved

Mr., Ms., Mrs. | First Name | MI | Last Name | Suffix

Number | Prefix | Street or Highway | Street Type | Suffix

Post Office Box | Apt./Suite/Room | City

State | Zip Code | Business name (if applicable) | Area Code | Phone Number

**K2** Owner

Mr., Ms., Mrs. | First Name | MI | Last Name | Suffix

Number | Prefix | Street or Highway | Street Type | Suffix

Post Office Box | Apt./Suite/Room | City

State | Zip Code | Business name (if applicable) | Area Code | Phone Number

| A | | MM  DD  YYYY | | | | | NFIRS |
|---|---|---|---|---|---|---|---|
| 05300 | AR | 03/14/20 | | 2010093 | | 0 | Remarks |
| FDID | State | Incident Date | Station | Incident Number | | Exposure | |

Remarks

HPD dispatched E-1,2 and 3 for a stove possibly getting hot. Upon arrival investigation did not find a problem. All units returned to quarters.

M  Authorization

| 309 | dean    deterts | lt. | st 2 | 03/17/2010 |
|---|---|---|---|---|
| Officer in charge ID | Signature | Position or rank | Assignment | Month  Day  Year |
| 309 | dean    deterts | lt. | st 2 | 03/17/2010 |
| Member making report ID | Signature | Position or rank | Assignment | Month  Day  Year |