UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                   PLAINTIFF

VS.                              CASE NO. 11-3078

HARP & ASSOCIATES, LLC                                           DEFENDANT

## SUPPLEMENTARY BRIEF IN OPPOSITION TO MOTION TO DISMISS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following supplementary brief in opposition to Defendant's motion to dismiss.

Defendant attempts to invoke this "Rooker-Feldman" doctrine in an attempt to bar my relief. However, there are other forms of relief that can be afforded me without violating the state court decision that Defendant wants protected.

This, of course, requires that the Court know exactly what the writ of possession entails. It orders me to vacate the property at 1407 N Spring Rd., APT #5, Harrison, AR 72601, and that's it. Nothing else. It says nothing about me renting from Harp again, from any other property. It doesn't even stop me from moving into another apartment in the exact same apartment *building* that sits on 1407 N. Spring Rd.

Of course, if Harp really really *really* wants me to not rent from them anymore, I think we can still manage that. Using the doctrine of *in pari materia*, we can turn to the precedents of employment discrimination for guidance on how to handle housing discrimination claims.

In employment discrimination, when there is a clear animus between the employer and employee, the Court will not order that the employee be reinstated into his position, but rather, will award *front pay*, to compliment the back pay. However, although this relief is monetary in nature, it is still considered injunctive relief, and is thus not subject to the $50k - $300k damages cap.

Likewise, in this case, if Defendant really hates me so much, they can just ***give me a house*** so that I will never be homeless again. There is nothing in the unlawful detainer case that protects Harp from having to do that!

## Conclusion

Harp attempts to have this case dismissed on the grounds that the relief I want is legally barred. However, a court should only dismiss a case if there is simply ***no relief*** whatsoever that can possibly be granted, and I have just shown that this is clearly not the case. Therefore, the motion to dismiss should be denied.

*/s/ David Stebbins*

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701

FOREVER