IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                    PLAINTIFF

VS.                                         NO. 3:11-CV- 03078-PKH

HARP & ASSOCIATES REAL ESTATE SERVICES                                  DEFENDANT

### DEFENDANT'S MOTION TO COMPEL

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, defendant Harp & Associates LLC (incorrectly sued as "Harp & Associates Real Estate Services" and referred to herein as "Harp") moves the Court to compel plaintiff David A. Stebbins ("Plaintiff") to respond to its interrogatories and requests for production of documents, and for grounds, states:

1.  On April 18, 2012, Harp served a set of interrogatories and requests for production of documents on Plaintiff. A copy of this discovery is attached as **Exhibit A** and incorporated herein by this reference.

2.  On May 16, 2012, Plaintiff responded to Harp's discovery. A copy of Plaintiff's response is attached as **Exhibit B** and incorporated herein by this reference.

3.  In his response, Plaintiff provided complete responses to Interrogatories Nos. 1 and 2 only. In response to the remaining interrogatories, Plaintiff objected on the grounds that the first two interrogatories, which requested witness information only, exhausted the 25 interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1).

4.  Courts have consistently held that subparts directly related to the primary question of the interrogatory are not considered discrete. Under this widely accepted test, if a subpart is both factually subsumed in and is necessarily related to the primary question, it will not be counted as a discrete subpart, and will not be counted against a party's 25

interrogatory limit. See Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684 (D. Nev. 1997).

5. Although some of the interrogatories contained in Harp's discovery requests contain subparts, each subpart seeks to elicit details concerning a common theme and requests information that is both factually subsumed in and necessarily related to the primary question. As a result, the subparts are not considered "discrete" and should not count against Harp's 25 interrogatory limit. As such, Plaintiff's objections should be overruled.

6. Plaintiff objected to Requests for Production Nos. 2 and 11, which are requests for copies of the documents or other items of evidence identified in response to the preceding interrogatories. Plaintiff asserts that because the preceding interrogatory is objectionable, so too is the request for production. This objection is unfounded since the 25 Interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1) does not apply to requests for production. Moreover, because Plaintiff's objection to Interrogatories Nos. 3 and 13 are baseless, so are his objections to Requests for Production Nos. 2 and 11.

7. Plaintiff objected to Request for Production No. 4 on the grounds that it "is unduly vague and burdensome, and fails to set forth a coherent request that can be answered." Request for Production No. 4 simply requests copies of all documentary evidence supporting Plaintiff's allegation in paragraph 3 of his Complaint. This is not overly vague, information. Plaintiff's objection should be overruled.

8. Plaintiff objected to Request for Production No. 6, alleging that the request was overly broad. Request for Production No. 6 merely requests copies of "all documents submitted to or received from the Section 8 Housing Office regarding the fires in the apartment at issue in this case." This request is not overly broad, and Harp is entitled to this information. Plaintiff's objection should be overruled.

9. Plaintiff objected to Requests for Production Nos. 12 and 14, which request all correspondence between Plaintiff and Harp. Plaintiff's claims that the request is redundant and that Harp is already in possession of the requested information. Because Plaintiff has not produced any document responsive to either request, whether they are redundant is irrelevant. Harp is entitled to verify that it is in receipt of all correspondence that Plaintiff alleges was exchanged between Harp and him during the time Plaintiff alleges Harp discriminated against him. Based on the foregoing, this objection should be overruled.

10. Plaintiff objected to Request for Production No. 13, stating that it was overly broad as it requested all documents relating to a particular topic. Request for Production No. 13 simply requests all documentation supporting the Plaintiff's allegations in the complaint. This is neither overly broad nor burdensome since the requested documents and information will likely be used by Plaintiff at trial and are readily accessible. Furthermore, Harp is clearly entitled to copies of these documents and, in fact, Plaintiff was obligated under Fed. R. Civ. P. 26(1)(A)(ii) to produce them with his initial disclosures. Therefore, this objection should be overruled.

11. On May 23, 2012, Harp made a good faith effort to confer with Plaintiff in an effort to obtain proper responses without court action pursuant to Fed. R. Civ. P. 37(a)(1). Plaintiff failed to respond to Harp's good faith letter. A copy of the letter, which was sent to Plaintiff via both email and US Mail, is attached hereto as **Exhibit C** and incorporated herein by this reference.

12. Despite Harp's efforts to work through Plaintiff's objections to Harp's discovery requests, the parties have been unable to resolve the discovery dispute.

13. Plaintiff's responses to these interrogatories and requests for production are essential to Harp's defenses and preparation for trial. The continued failure to completely and

accurately respond will materially and unfairly prejudice Harp's ability to properly defend itself at the trial of this case.

14. Moreover, pursuant to the Court's final scheduling order, discovery must be completed no later than October 16, 2012. Resultantly, Harp needs responses to its interrogatories and requests for production well enough in advance of this deadline to schedule and prepare for depositions of Plaintiff's witnesses.

WHEREFORE, defendant Harp & Associates LLC requests that this Court order plaintiff David A. Stebbins to completely respond to Harp's interrogatories and requests for production of documents within 10 days; impose appropriate sanctions in the event discovery is not made as ordered; and for all other proper relief.

        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas 72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        E-MAIL:  elowther@wlj.com
                       sjewell@wlj.com

By: _____
     Edwin L. Lowther, Jr. (81107)
     Seth R. Jewell (2011175)
     *Attorneys for Harp & Associates LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12th, 2012, a copy of the foregoing was served by First Class U.S. Mail and by email on the following:

David Stebbins
123 W. Ridge Apt. D
Harrison, AR 72601

stebbinsd@yahoo.com

_____
Seth R. Jewell