UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                                 **PLAINTIFF**

**VS.**                                          **CASE NO. 11-3078**

**HARP & ASSOCIATES, LLC**                                                **DEFENDANT**

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### INTERROGATORIES AND DISCOVERY REQUESTS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following response to Defendant's Interrogatories and Discovery Requests.

**INTERROGATORY NO. 1:** Please identify by name, title, place of employment, and address every witness that Plaintiff <u>may</u> call to testify as well as every witness that Plaintiff <u>will</u> actually call to testify at trial or any hearing in this matter, distinguishing those witnesses whom the Plaintiff knows will be called to testify.

**Response:**

1. David Stebbins

2. This witness will be called to testify at trial.

3. Rita Stebbins

4. This witness may be called to testify at trial.

5. Lynn O'Neil

6. This witness may be called to testify at trial.

7. Jarrod Adkins

8. This witness may be called to testify at trial.

9. George Holcomb



10. This witness may be called to testify at trial.

11. The employee of Pest-X whose name Plaintiff does not know who comes to spray that property once per month.

12. This witness may be called to testify at trial.

**INTERROGATORY NO. 2:** Please identify the name, title, place of employment, address and subject of expected testimony for every person Plaintiff will call to testify as an expert witness at trial or any hearing in this matter, including those persons already named in response to Interrogatory No. 1.
**Response:**

13. Lynn O'Neil...

14. has the last known address of 1407 N Spring Rd., APT #7, Harrison, AR 72601...

15. is retired, but used to work in property management...

16. currently has no employer, and...

17. will testify that property managers who want out of the lease agreement will always find a way to, increasing the likelihood that Defendant acted with discriminatory animus.

18. The Pest-X employee spoken of in numbered point #11...

19. works for Pest-X...

20. his title is unknown, and...

21. he will testify to the level of sanitation at which he saw me keep my apartment.

22. George Holcomb...

23. is the Director...

24. at the Harrison Housing Office (address thereby incorporated by reference)...

25. And will, if called, probably testify to the administration of the Section 8 Federal

Housing Benefits and the office that administers them.

**REQUEST FOR PRODUCTION NO. 1:** Please produce a copy of the curriculum vitae for each person identified in response to Interrogatory No. 2.
**Response:** Plaintiff is not in possession of these resumes at this time, as the two expert witnesses have yet to be called.

**INTERROGATORY NO. 3:** Please describe each item of evidence that you may use or offer into evidence at the trial of this case.

**Response:** Objection. Defendant's first two interrogatories exhausted Defendant's allotted 25 interrogatories when you include discrete subparts. Notice how I individually numbered each discrete subpart, so that you know what I am talking about. Defendant raised this same objection, under this same logic, to *my* interrogatories, and didn't even exhaust the interrogatories first! So... here's a taste of your own medicine!

In fact, *these* subparts are even more discrete. According to Defendant's logic in its objections to my interrogatories, each witness Defendant asks to be named counts as a separate discrete subpart, but according to the definition of a "discrete subpart" I gave in my motion to compel discovery (the more liberal definition), each request to specify whether or not they will be called to testify is a discrete subpart, and each request for an address, title, place of employment, and subject-matter to be testified to are themselves discrete subparts.

Therefore, by defendant's definition of a discrete subpart, the first two interrogatories alone exhaust their 25 interrogatory limit. Even if this objection is partially overruled (which I hope it is, because that would mean my motion to compel discovery should be granted), then

even according to my, more liberal definition of a discrete subpart, the two interrogatories have *at least* seven discrete subparts.

Defendant cannot object to my interrogatories on the grounds of too many discrete subparts while simultaneously expecting me to not do the same. That is simply hypocritical.

So, from now on, in my responses to your interrogatories, when I say "see my response to Interrogatory #3," that means I am raising this exact objection, and I incorporate this text by reference.

**REQUEST FOR PRODUCTION NO. 2:** Please produce the items identified in response to Interrogatory No. 3.
**Response:** Since all of Interrogatory No. 3 was the subject of an objection, this request for production is not applicable.

**INTERROGATORY NO. 4:** Please identify each person who assisted in preparation of the answers to these Interrogatories and responses to Requests for Production of Documents.

**INTERROGATORY NO. 5:** Please state and identify the facts that support your contention that Harp & Associates' allegations in the February 15, 2011 eviction notice were factually inaccurate, and that you can prove that the allegations were inaccurate, as alleged in Paragraph 3 of your Complaint.
**Response:** See my response to Interrogatory #3.

**Response:** See my response to Interrogatory #3.

**REQUEST FOR PRODUCTION NO. 3:**   Please produce a copy of the February 15, 2011 notice of eviction, including but not limited to any letter or attachment that accompanied the notice of eviction, referred to in Paragraphs 2 and 3 of your Complaint.

**REQUEST FOR PRODUCTION NO. 4:**   Please produce copies of any and all evidence in document form that will prove the allegations in the February 15, 2011 eviction notice were factually inaccurate, as described and alleged in Paragraph 3 of your Complaint.

**INTERROGATORY NO. 6:**   Please state and identify the facts that support your contention that you were receiving Section 8 Federal Housing Benefits and had the right to only be evicted for "just cause," as alleged in Paragraph 4 of your Complaint.
**Response:** See attached.

**Response:** Objection. Plaintiff objects to this request as it is unduly vague and burdensome, and fails to set forth a coherent request that can be answered.

**Response:** See my response to Interrogatory #3. Furthermore, the second discrete subpart asks me to make a legal argument.

**REQUEST FOR PRODUCTION NO. 5:** Please produce copies of any and all documents that in any way relate to your Section 8 Federal Housing Benefits, as described and alleged in Paragraph 4 of your Complaint, including any application for those benefits.
**Response:** Objection. This request for production is unduly broad, as it simply requests all

**REQUEST FOR PRODUCTION NO. 6:** Please produce copies of any and all documents submitted to or received from the Section 8 Housing Office regarding the fires in the apartment at issue in this case.
documents that simply "relate" to a particular issue.

**REQUEST FOR PRODUCTION NO. 7:** Please produce any documentation submitted to an insurance company for any losses related to the fires in your apartment.
**Response:** Objection. See my response to Request for Production No. 5.

**Response:** no such documents exist.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all other documentation that in any way relates to the fires in your apartment.

**INTERROGATORY NO. 7:** Please state and identify the facts that support your contention that you suffer from Asperger Syndrome.
**Response:** See my response to Request for Production No. 5.

**Response:** See my response to Interrogatory #3.

**INTERROGATORY NO. 8:**   Please identify by name, home or business address and telephone number all doctors you have visited over the past eight (8) years in relation to your Asperger Syndrome.

**REQUEST FOR PRODUCTION NO. 9:**   Please produce any and all documents that in any way relate to your Asperger Syndrome, including but not limited to any and all medical documentation and records.

**INTERROGATORY NO. 9:**   Please state and identify the facts and circumstances that support your contention that you are "most commonly discriminated against because of [your] Asperger Syndrome", as alleged in Paragraph 7 of your Complaint, including but not limited to, a complete and accurate description of each instance in which you were discriminated against because of your Asperger Syndrome.

**Response:** See my response to Interrogatory #3.

**Response:** See my response to Request for Production No. 5.

**Response:** See my response to Interrogatory #3.

**INTERROGATORY NO. 10:**   Please state and identify the facts that support your contention that your Asperger Syndrome was "the next most likely explanation for [your] eviction", as alleged in Paragraph 7 of your Complaint.

**INTERROGATORY NO. 11:**   Please state, identify, and describe any and all problems or difficulties that you had in paying rent to Harp & Associates, including late and insufficient payments.

**INTERROGATORY NO. 12:**   Please identify your residences over the past eight (8) years, including, but not limited to, the addresses, the length of stay, the amount of rent paid, and the identity of the operator of the apartment complex (if residence was in an apartment complex).

**REQUEST FOR PRODUCTION NO. 10:**   Please produce copies of any and all documents pertaining to contracts or lease agreements that you entered into with a landlord in the past eight (8) years.
**Response**: See my response to Interrogatory #3.

**Response**: See my response to Interrogatory #3.

Response: See my response to Interrogatory #3.

Response: See my response to Request for Production #5. Also, this request is unduly broad and not likely to lead to the discovery of admissible evidence, due to it seeking landlord relationships that occurred prior to the beginning of Defendant's relationship with Plaintiff.

**INTERROGATORY NO. 13:** State whether you have any documents, statements, reports, tape recordings, or memoranda attributable to any past or present employee or agent of Harp & Associates LLC concerning the allegations in your complaint.

**REQUEST FOR PRODUCTION NO. 11:** Please produce a copy of the document, statement, report, recording or memoranda identified in response to Interrogatory No. 13.

**INTERROGATORY NO. 14:** If you or anyone on your behalf has had any conversations with any past or present employee or agent of Harp & Associates LLC concerning the allegations in your complaint, then for each conversation, please state the following:

    a. The method of conversation;

    b. The name, title, place of employment, address, telephone number, and relationship with Plaintiff of each individual participating in the conversation;

    c. The date of the conversation;

    d. A brief description of what was said during the course of the conversation; and

Response: See my response to Interrogatory #3.

Response: See my response to Request for Production No. 2.

Response: See my response to Interrogatory #3.

**INTERROGATORY NO. 15:** Please list the case style, case number, and court for each lawsuit (including criminal matters and bankruptcies) in which you have been either a plaintiff, a defendant, or a party in the past eight (8) years.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all documentation sent by you to Harp & Associates LLC between January 1, 2009 and December 31, 2011, including but not limited to letters, memoranda, emails, contracts, or any other electronic or written communication.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents (in paper or electronic format) including, but not limited to, notes, personal diaries, account of events, notebooks, logs, emails, or correspondence that relate to the allegations in your complaint.

Response: See my response to Interrogatory #3.

Response: Objection. This discovery request is redundant, and the same information can be obtained by less costly means, e.g. from Defendant's own possessions.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all correspondence between you, or anyone acting on your behalf, and Harp & Associates LLC, including any current or former employee, agent or representative of Harp & Associates LLC.

Response: See my response to Request for Production No. 5.

Response: See my response to Request for Production #12.