EDWARD L. WRIGHT (1903-1977)
ROBERT S. LINDSEY (1913-1991)
ALSTON JENNINGS (1917-2004)
GORDON S. RATHER, JR.
JOHN R. TISDALE
JOHN WILLIAM SPIVEY III
LEE J. MULDROW
N.M. NORTON
CHARLES T. COLEMAN
EDWIN L. LOWTHER, JR.
GREGORY T. JONES
WALTER McSPADDEN
JOHN D. DAVIS
JUDY SIMMONS HENRY
KIMBERLY WOOD TUCKER
RAY F. COX, JR.
TROY A. PRICE
KATHRYN A. PRYOR
J. MARK DAVIS
JERRY J. SALLINGS
WILLIAM STUART JACKSON
MICHAEL D. BARNES
STEPHEN R. LANCASTER
KYLE R. WILSON
C. TAD BOHANNON
J. CHARLES DOUGHERTY
M. SEAN HATCH
J. ANDREW VINES
JUSTIN T. ALLEN
MICHELLE M. KAEMMERLING
SCOTT ANDREW IRBY
PATRICK D. WILSON

# WRIGHT, LINDSEY & JENNINGS LLP

ATTORNEYS AT LAW

200 WEST CAPITOL AVENUE, SUITE 2300
LITTLE ROCK, ARKANSAS 72201-3699
(501) 371-0808 • FAX (501) 376-9442

NORTHWEST ARKANSAS
3333 PINNACLE HILLS PARKWAY, SUITE 510
ROGERS, ARKANSAS 72758-8960
(479) 986-0888 • FAX (479) 986-8932

www.wlj.com

Writer's Direct Dial No. 501-212-1220
sjewell@wlj.com
Reply to Little Rock Office

DAVID P. GLOVER
REGINA A. YOUNG
PAUL D. MORRIS
EDWARD RIAL ARMSTRONG
GARY D. MARTS, JR.
ERIC BERGER
P. DELANNA PADILLA
CALEY B. VO
JOHNATHAN D. HORTON
KATHRYN M. IRBY
DAVID L. JONES
W. CARSON TUCKER
JANE A. KIM
ADRIENNE L. JUNG
KRISTEN S. MOYERS
ERIN S. BRODDON
RICHARD BLAKELY GLASGOW
DIANA BORGOGNONI SNYDER
PATRICK M. YOUNG
BIANCA M. RUCKER
ANTWAN D. PHILLIPS
MATTHEW A. GLOVER
BAXTER D. DRENNON
MICHAEL A. THOMPSON
SETH R. JEWELL
HAYDEN W. SKURGAR
COURTNEY C. McLARTY

OF COUNSEL
RONALD A. MAY
JOHN G. LILE
ROGER A. GLASGOW
ALSTON JENNINGS, JR.
BRUCE R. LINDSEY
JAMES R. VAN DOVER
CHARLES S. BOHANNON

May 23, 2012

**VIA EMAIL:** Stebbinsd@yahoo.com and
**US MAIL**
David Stebbins
123 W. Ridge St., Apt. D
Harrison, AR 72601

Re:  David A. Stebbins v. Harp & Associates, LLC, USDC W.D. ARK Case No. 3:11-CV-3078
     Plaintiff's Response to Defendant's Interrogatories and Requests for Production

Dear Mr. Stebbins,

I have reviewed your responses to Harp's Interrogatories and Requests for Production of Documents. For reasons set out below, your objections based on your interpretation of the 25 interrogatory limit imposed by F.R.C.P. 33(a)(1) appear to be without merit.

Courts have consistently held that subparts directly related to the primary question of the interrogatory are not considered discrete. Under this widely accepted test, if a subpart is both factually subsumed in and is necessarily related to the primary question, it will not be counted as a discrete subpart, and thus not counted against a party's 25 interrogatory limit. See Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684 (D Nev. 1997). Although some of the interrogatories contained in Harp's discovery request contain subparts, each subpart elicits details concerning a common theme and requests information that is both factually subsumed in and necessarily related to the primary question. As a result, the subparts are not considered "discrete" and will not count against the 25 interrogatory limit imposed by the Federal Rules.

Moreover, according to FRCP 26(a)(1)(A)(i), you have a duty to disclose the name, address and telephone number of all potential witnesses and supplement those disclosures as new information becomes available. Because Interrogatories Nos. 1 and 2 request information that you already have a duty to disclose pursuant to Rule 26, they should not count against Harp's limit of 25 interrogatories. Moreover, although you have listed 12 "responses" to each of the first two interrogatories, each of these interrogatories request, at most, five pieces of information: name, title, place of employment,

1124117-v1



WRIGHT, LINDSEY & JENNINGS LLP

May 23, 2012
Page 2

address, and subject of expected testimony for each witness. Nonetheless, as set for the above, these are not to be considered discrete subparts.

Harp and Associates requests that you waive your objections based on your interpretation of the 25 interrogatory limit and supplement your responses to provide complete and accurate information as to each request. Please allow this letter to serve as Harp's good faith effort to confer with you to obtain proper responses without court action pursuant to FRCP 37(a)(1). Harp does not want to resort to filing a motion to compel to obtain this information, but if you do not provide complete and accurate responses within ten (10) business days of your receipt of this letter, it will have no other option.

I look forward to receiving your responses. Thank you for your attention to this matter.

          Cordially yours,

          WRIGHT, LINDSEY & JENNINGS LLP

          Seth R. Jewell

SRJ/tkw
Enclosure

1124117-v1

WRIGHT, LINDSEY & JENNINGS LLP

May 23, 2012
Page 3

bcc:    Ed Lowther
        Stuart Jackson
        Randy Moore (via email: randymore@windstream.net)
        Kevin Apple (via email: kevin.apple@cna.com)

1124117-v1