U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 25 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                         **PLAINTIFF**

VS.                                     **CASE NO. 11-3078**

**HARP & ASSOCIATES, LLC**                                      **DEFENDANT**

### RESPONSE IN OPPOSITION TO [35] DEFENDANT'S MOTION TO COMPEL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following response in opposition to Document #35, Defendant's Motion to Compel [Discovery].

1. Defendant challenges every objection I made to their discovery requests. However, Exhibit C of their motion clearly shows that they only attempted to resolve the objection regarding the 25 interrogatory limit without court intervention. Defendant never made any attempt whatsoever, good faith or bad faith, to resolve the other discovery objections without court intervention. Therefore, pursuant to FRCP 37(a)(1) (holding in pertinent part that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."), all requests to overrule all other objections, aside from the objection regarding the 25-Interrogatory limit, should be denied on that ground alone.

2. Defendant's argument that the interrogatories should be regarded as only two interrogatories, instead of 25, is fallacious because these interrogatories are precisely as "factually subsumed" as the interrogatories I requested from them, yet they objected to. Either both motions to compel discovery which are currently pending in this case should be granted, or both should be denied.

3. In Paragraph #6 of Defendant's motion, Defendant asserts that my objection "is unfounded since the 25 Interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1)

does not apply to requests for production." In making this argument, Defendant is strawmanning the objection. There are no documents to be provided in response to these production requests because there were no answers given to the Interrogatories. If the Interrogatory limit is upheld, my response to these requests for production is "not applicable," just as if I were being asked for my fax number; I don't *have* one. They are asking for me to produce documents I mentioned in my response to their interrogatories. My response to their interrogatories, save for the objections, is nonexistent. Therefore, there are no documents to produce.

4.     Request for Production No. 4 is indeed unduly vague and burdensome. For starters, what do they define as "paragraph 3 of the Complaint?" Paragraph 3 of the complaint states the following:

**This court has "federal question" jurisdiction, as it is a complaint for disability discrimination in violation of Section 504 of the Rehabilitation Act. The Defendants are bound by this statute because they participate in the Federal Housing Choice Vouchers program (also known as "Section 8 Federal Housing Benefits").**

5.     As this Court can see, it makes no reference to any kind of "February 15, 2011 eviction notice," so what the crap are they asking of me?

6.     Paragraph 8 of Defendant's Motion should also be denied, failure to attempt to resolve this dispute without court intervention notwithstanding, because it is unclear to me why they think I, myself, even *have* these documents? According to the documents Defendant itself produced in their response to my request for production (this Court may remember, in an earlier motion, Defendant claiming that they attached these documents accidentally to their response to my request for admissions, but still included them), Defendant knows darn well that I was represented by Legal Aid of Arkansas at the time. Even if Defendant did not know at first that legal counsel is supposed to receive all of the case-related documents in place of the represented

litigant, Defense Counsel was under an obligation to explain that to them. Therefore, they are asking me to literally pull nonexistent documents out of thin air, rather than subpoenaing them from Legal Aid.

7. Defendant's challenge to my objection of redundancy should also be denied (again, failure to attempt to resolve the dispute without court action notwithstanding) because it is, indeed, redundant. FRCP 26(c) provides for a protective order of otherwise discoverable evidence when, among other things, the discovery is unnecessary, or can be obtained from a source less costly. In the instant case, the information Defendant requests – all correspondence between Plaintiff and Defendant – is already in possession of Defendant. Therefore, Defendant can obtain this documentation at absolutely *no* cost to me (and thus, automatically at less cost than what they are requesting) by simply turning their own records. For this reason, Defendant's request for production is, indeed, redundant, and should be denied due to the availability of less costly means.

Wherefore, premises considered, I respectfully request that Defendant's Motion to Compel be denied.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St
Apt D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701