IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


DAVID STEBBINS                                                    PLAINTIFF

     v.                              Civil No. 11-3078

HARP & ASSOCIATES LLC                                           DEFENDANT


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

     Plaintiff filed this action against Harp & Associates LLC pursuant to the terms of the

Rehabilitation Act, 29 U.S.C. § 701 *et seq*.  Plaintiff maintains the Defendant discriminated

against him because of his disability, Asberger Syndrome.

     This case is now before me on the motion to dismiss (Doc. 24) filed by the Defendant.

Plaintiff submitted a response (Doc. 28) and Defendant filed a reply brief (Doc. 29).  The motion

is ready for decision.

**1.  Background**

     According to the allegations of the complaint, beginning in August of 2008, Plaintiff

rented an apartment from the Defendant.  On February 15, 2011, Plaintiff states he was served

with a notice of eviction alleging unsanitary conditions and fire hazards due to a large number

of electrical devices being plugged in.  Plaintiff maintains the allegations in the notice of eviction

were factually inaccurate.  Further, he alleges that he was receiving Federal Section 8 Housing

Benefits and could only be evicted for good cause.  Plaintiff states he solicited the services of

Legal Aid of Arkansas and obtained a stay of eviction.

-1-

On May 31, 2011, Defendant issued a notice that stated they would not be renewing his lease which ended on June 30, 2011.   According to Plaintiff, he is "most commonly discriminated against because of [his] Asperger Syndrome.[1]  Plaintiff maintains that since the reasons that were actually *given* for [his] eviction [were] factually inaccurate, then [his] Asperger Syndrome becomes the next most likely explanation for their eviction." (Doc. 1 at ¶ 7).  Plaintiff indicates he told Defendant about his Asperger Syndrome when he first moved into the apartment in August of 2008.

Defendant filed an unlawful detainer action in the Boone County Circuit Court, *Harp & Associates LLC v. David Stebbins*, CV-2011-171-4.  On September 3rd, the Boone County Circuit Court issued a writ of possession.  *Defendant's Exhibit* (hereinafter *Deft's Ex.*) 1.  On September 9th, the circuit court granted Plaintiff a stay of execution of the writ of possession with the requirement that he post a surety bond of $2,500 on or before September 12, 2011. (Doc. 7 at pgs. 3-4).  Plaintiff moved out of his apartment on September 12th.  *Id.*  On September 14th, Defendant filed a motion of voluntary non-suit in the unlawful detainer action.  *Id.*

Plaintiff filed an abuse of process claim against Catherine Golden and Harp & Associates LLC in the Boone County Circuit Court, *Stebbins v. Golden and Harp & Associates, LLC,* CV-2011-232-4.  *Deft's Ex.* 2. Plaintiff maintained that Defendants abused process by moving to voluntarily dismiss the unlawful detainer action.  *Id.*  He maintained the non-suit prevented him from obtaining a writ of restitution and from appealing the dismissal of his counterclaim.  *Id.* The abuse of process case was dismissed on July 17, 2012.  *Id.*

---

[1] Asperger Syndrome is a developmental disorder.  "Asperger syndrome is often considered a high functioning form of autism. It can lead to difficulty interacting socially, repeat behaviors, and clumsiness." http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002516/ (accessed August 29, 2012).

In this discrimination case, Plaintiff seeks relief in the form of an injunction ordering Defendant to desist from discriminatory eviction actions, punitive damages in the amount of $50,000, and costs.

## 2.  Arguments of the Parties

Defendant first argues that punitive damages are not available under the Rehabilitation Act.  Second, it maintains Plaintiff's claims for injunctive relief are moot as he moved out of the apartment at issue in this case.  Finally, Defendant asserts that the federal court review of state court decisions are precluded by the *Rooker-Feldman* doctrine.

First, Plaintiff points out that as he is acting *pro se* his complaint should be liberally construed.  He asks the court to overlook his poorly worded complaint and pursue the gravamen of his case.  Second, he asserts that his claims for injunctive relief are not moot.  Plaintiff states he was forced out of the apartment by virtue of the writ of possession.  He argues his claim for injunctive relief is to be re-instated into the apartment, a credit for the increase in rent he has had to pay, and an order directing Defendant not to discriminate against him again.  Finally, he argues the crux of his case is discrimination.  He asserts that the state court never decided this issue and in fact lacks subject matter jurisdiction to decide it.

## 3.  Discussion

"The Rehabilitation Act prohibits discrimination under any program or activity receiving federal financial assistance against any otherwise qualified individual with a disability, solely because of his disability."  *Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003)(internal quotation marks and citation omitted).  To be able to recover compensatory damages, a showing of discriminatory intent is required. *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011).  In this regard, it has been held that "deliberate indifference [is] the

-3-

appropriate standard for showing intentional discrimination." *Id.*   As Defendant correctly asserts, punitive damages are not available under the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 183 (2002); *Meagley*, 639 F.3d at 390.

Defendants also contend Plaintiff's moving from the apartment rendered his claim moot. "[M]ootness relates to the justiciability of a case" and therefore the court's "power to hear the case." *Olin Water Services v. Midland Research Laboratories, Inc.*, 774 F.2d 303, 306 (8th Cir. 1985).  "[C]hallenges to the court's jurisdiction may be raised at any stage of the proceedings." *In re Rodriquez*, 258 F.3d 757, 759 (8th Cir. 2001).

It has been held that a voluntary move from an apartment or residence moots a housing discrimination claim.  *See e.g., Carson v. Pierce*, 719 F.2d 931, 934 (8th Cir. 1983).  However, in this case Plaintiff moved because of a writ of possession obtained by Defendant in the Boone County Circuit Court.  Additionally, Plaintiff seeks injunctive relief in the form of reinstatement to the apartment.  We therefore do not believe Plaintiff's claims are moot.

Finally, Defendants argue application of the *Rooker-Feldman* doctrine precludes this Court from awarding Plaintiff relief.   The *Rooker-Feldman* doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemons v. St. Louis County,* 222 F.3d 488, 492 (8th Cir.2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). "District courts may not review state court decisions, 'even if those challenges allege that the state court's action was unconstitutional,' because "[f]ederal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003)(citation omitted).

"A party who was unsuccessful in state court thus 'is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Id.* (*quoting, Johnson v. De Grandy,* 512 U.S. 997, 1005-1006 (1994). Federal district courts thus may not "exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Lemonds v. St. Louis* County, 222 F.3d at 492-93 (citations omitted).

As discussed above, there were two separate state court cases--the unlawful detainer action and the abuse of process action.  Plaintiff contends his housing discrimination claim was never litigated in state court.   Indeed, he asserts he could not have brought a housing discrimination claim in state court because there is no Arkansas State equivalent to the Rehabilitation Act.  Plaintiff is incorrect in this regard.  The Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-107(a)  provides: "The right of an otherwise qualified person to be free from discrimination because of . . . mental, or physical disability is recognized and declared to be a civil right.  This right shall include . . . the right to engage in property transactions."  With respect to his Rehabilitation Act claims, we agree that a decision in Plaintiff's favor in this case would effectively void the state court's determination that Defendant was entitled to possession of the property.

### 4.  Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 24) be granted.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties**

AO72A
(Rev. 8/82)

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of August 2012.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)