IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                        PLAINTIFF

v.                                        Case No. 3:11-CV-03078

HARP & ASSOCIATES LLC a/k/a
HARP & ASSOCIATES REAL ESTATE SERVICES                                      DEFENDANT

**O R D E R**

Currently before the Court is the Report and Recommendation (Doc. 40) filed in this case on August 30, 2012, by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Plaintiff's objections. (Doc. 41). For the reasons stated below, the Court ADOPTS the Report and Recommendation and finds that Defendant's Motion to Dismiss should be granted.

The Magistrate recommends granting Defendant Harp & Associates LLC's ("Harp") Motion to Dismiss (Doc. 24). Mr. Stebbins objects to the Magistrate's Report and Recommendation, arguing that Judge Marschewski erred in finding that the *Rooker-Feldman* doctrine applied to preclude the Court's consideration of Mr. Stebbins's claims. The Court has conducted a *de novo* review regarding the application of the *Rooker-Feldman* doctrine to Mr. Stebbins's claims. 28 U.S.C. § 636(b)(1).

Mr. Stebbins states that he "filed a supplement to Defendant's motion to dismiss that Marchewski [sic] clearly seems to ignore." (Doc. 41). First, Mr. Stebbins's supplement was improperly filed without leave of Court, and it was therefore Chief Magistrate Judge Marschewski's prerogative to exercise his discretion in refusing to consider an improperly filed document. Second,

in conducting a *de novo* review, the undersigned has considered Mr. Stebbins's supplement (Doc. 34) and finds that it offers no new or convincing arguments beyond what was included in Mr. Stebbins's initial Response (Doc. 28) in opposition to Harp's Motion to Dismiss.  In both filings, Mr. Stebbins argues that he seeks injunctive relief beyond challenging the writ of possession and stopping Harp's actions in evicting him from his apartment.  Judge Marschewski acknowledged those arguments and found that Mr. Stebbins sought additional injunctive relief, and that his claims were therefore not mooted by his move out of the apartment.

Mr. Stebbins then argues that "by Marchewski's [sic] own admission, I can also obtain <u>damages</u> against defendant . . . if I can prove intent . . . That right there is relief that the Court can give me without violating the writ of possession." (Doc. 41).  Mr. Stebbins also argues that, if the *Rooker-Feldman* doctrine were to apply in cases where a tenant was forced out of his or her housing, the federal Fair Housing Act would be rendered entirely meaningless, as the tenant would be unable to pursue a federal counter-claim in state court and would then be prohibited from taking his federal claim to federal court.

As stated by the Eighth Circuit:

> The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments.  District courts may not review state court decisions, even if those challenges allege that the state court's action was unconstitutional, because federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court.  A party who was unsuccessful in state court thus is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights.  This jurisdictional bar extends not only to straightforward appeals but also to more indirect attempts by federal plaintiffs to undermine state court decisions.  Federal district courts thus may not exercise jurisdiction over general [federal] claims that are inextricably intertwined with specific claims already adjudicated in state court.

> A claim brought in federal court is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.

*Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (internal citations and quotations omitted). Arkansas law enumerates certain actions constituting unlawful detainer, A.C.A. § 18-60-303, for which a writ of possession may be issued upon the court finding in favor of the plaintiff, A.C.A. § 18-60-309. Harp filed a state action against Mr. Stebbins for unlawful detainer. Judge Webb of the Boone County Circuit Court found in favor of Harp and against Mr. Stebbins on the unlawful detainer claim and issued a Writ of Possession. (Doc. 24-1).

Inextricably intertwined with the state court's issuance of a writ of possession is the issue of whether Harp was seeking to evict Mr. Stebbins based solely on discriminatory animus. If Harp had been unable to show that Mr. Stebbins was guilty of one of the enumerated actions constituting unlawful detainer under Arkansas law, no writ of possession could have been issued. Therefore, the state court must have found that Harp was not seeking to evict Mr. Stebbins based on discriminatory intent. Rather, the state court must necessarily have found that Harp had shown that Mr. Stebbins was unlawfully detaining the property under Arkansas law.

Discrimination claims under the Fair Housing Act,[1] 42 U.S.C. § 3601 *et seq.*, are evaluated using the test outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Omni Behavioral Health v. Miller*, 285 F.3d 646, 656 (8th Cir. 2002). Under the *McDonnell Douglas* test, the plaintiff must first make a prima facie case of discrimination. If the plaintiff satisfies that burden,

---

[1] In his Complaint, Mr. Stebbins only alleges that Harp acted in violation of Section 504 of the Rehabilitation Act. However, to the extent that Mr. Stebbins contends that his Complaint should be construed so as to also bring a separate claim under the Fair Housing Act, the Court will address that argument as well.

the defendant then has the burden of showing a legitimate, nondiscriminatory justification for the challenged conduct. If the defendant satisfies that burden, the plaintiff has the opportunity to prove by a preponderance of the evidence that the legitimate reasons asserted by the defendant are mere pretext.

Therefore, if the Court were to consider Mr. Stebbins's claims under the Fair Housing Act, even assuming that Mr. Stebbins could make a prima facie case of discrimination, the state court has already found that Harp had a legitimate reason, as set forth under Arkansas law, to evict Mr. Stebbins. Inherently and inextricably intertwined with that determination is a consideration of whether Harp's legitimate reason for eviction was mere pretext for discrimination. In the state-court unlawful detainer action, Harp had the burden of showing that Mr. Stebbins was guilty of one or more of the specifically enumerated actions constituting unlawful detainer under Arkansas law. Mr. Stebbins had the opportunity to, and did, defend himself in the state court litigation. The state court must have considered whether Harp was advancing a merely pretextual reason for evicting Mr. Stebbins. For instance, the state court could not have found that Mr. Stebbins had "willfully and without right . . . fail[ed] to maintain the premises in a safe, healthy, or habitable condition," A.C.A. § 18-60-304(4), without considering whether such specified action was not actually true, but rather a pretext for Harp to unlawfully discriminate against Mr. Stebbins. At least, the undersigned cannot and will not assume that the state court's finding was based on anything other than a thorough consideration of the facts and issues presented.

Turning now to Mr. Stebbins's specific objections to the Report and Recommendation, the Court cannot find that application of the *Rooker-Feldman* doctrine in this case would render the Fair Housing Act meaningless. The Fair Housing Act has many provisions and has been the impetus for

many causes of action since its enactment.  Many litigants have successfully brought actions pursuant to the Fair Housing Act.  In this case, however, Mr. Stebbins fought an unsuccessful battle in state court, and this Court does not have the authority to engage in a review of the state court's findings.  If Mr. Stebbins desired to have the state court's findings reviewed, he should have appealed the state court's decisions and, if desired and appropriate, sought review by the United States Supreme Court.  A ruling in favor of Mr. Stebbins in the instant matter would effectively reverse the state court decision in favor of Harp on its unlawful detainer claim.  *Ballinger*, 322 F.3d at 549.[2]  Mr. Stebbins cannot now challenge the state court's finding under the guise of a separate federal claim.

Furthermore, although damages may be recovered for claims brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794, the plaintiff must make a showing of intentional discrimination to recover.  *Meagley v. City of Little Rock*, 639 F.3d 384, 388 (8th Cir. 2011).  Again, for this Court to find that Mr. Stebbins could prevail on a Rehabilitation Act claim, the Court would have to find that Harp intentionally discriminated against Mr. Stebbins, which finding would effectively reverse the state court decision in favor of Harp on its unlawful detainer claim.  Consideration by this Court of Mr. Stebbins's claims under the Rehabilitation Act, or any other federal statute that requires a showing of discriminatory animus or intent by Harp, is precluded by the *Rooker-Feldman* doctrine.

---

[2] The Court notes that the state court, unlawful detainer action was ultimately voluntarily dismissed on Harp's motion after Mr. Stebbins failed to post a bond to stay execution of the writ of possession issued by the state court.  Mr. Stebbins did not, to the Court's knowledge, appeal the order of dismissal (the Court does not recognize Mr. Stebbins's collateral attack of the dismissal through a separate claim for abuse of process as a proper appeal, but notes that Mr. Stebbins likewise lost on that claim and failed to appeal that decision) or any other order issued by the state court.

The Court finds, therefore, upon *de novo* review as to Mr. Stebbins's objections, that Mr. Stebbins's objections do not raise any issue of law or bring to light any facts that would require departure from the Magistrate's findings set forth in the Report and Recommendation.

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. 40) is ADOPTED IN ITS ENTIRETY.

For all the reasons set forth above, including those reasons included in the Report and Recommendation and herein adopted, IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. 24) is GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion to Continue (Doc. 45) is DENIED AS MOOT.

IT IS SO ORDERED this 2nd day of January, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE