U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 0 8 2013

CHRIS R. JOHNSON, CLERK

DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                         **PLAINTIFF**

VS.                           CASE NO. 11-3078

**HARP & ASSOCIATES, LLC**                          **DEFENDANT**

### RULE 72(a) OBJECTION TO MAGISTRATE JUDGE ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Objection to the Magistrate Judge's Order Denying Plaintiff's Motion for Relief of Judgment and to Amend the Complaint (Doc. 58).

**The Motion was never referred to a Magistrate Judge.**

1. First of all, the Magistrate Judge had no authority to decide the motion, as it was never referred to him. The entry for Doc. 56 on Pacer simply says "MOTION to Amend 1 Complaint and Relief of Judgment by David A. Stebbins. (lw) (Entered: 09/16/2013)." If the motion were referred to any Magistrate Judge, the Pacer entry would have said so.

2. Both Fed. R. Civ. P. 72 and 28 USC § 636 clearly conditions the power of a magistrate judge to decide motions on the District Judge's decision to refer the motions to him. No federal judge – magistrate or otherwise – has any authority except that which is expressly provided by law. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 US 375, 377 (1994). Therefore, because there was no order giving authority to the Magistrate Judge, he has none.

**This Court no longer has discretion to deny the motion,
since the nonmovants never responded to the motion.**

3. Second, this Court obviously took the Motion for Relief of Judgment to be a

nondispositive issue, as the Magistrate Judge issued an order, not a report and recommendation.

4. Because the Court found it to be a nondispositive motion, and the Defendants never filed a Response in Opposition to it, that means that the Court's hands are tied under AR Local Rule 7.2(f), which states the following.

> "The failure to timely respond to any nondispositive motion, as required by the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, or by any local rule, **shall be** adequate basis, without more, for granting the relief sought in said motion."

5. Notice, this local rule said that these conditions "shall be" adequate basis for granting the relief sought. "Shall" means "Must." See Exhibit A (identifying "must" as one of the six synonyms to the word "shall").

6. Therefore, the simple fact that the Defendants never objected to this motion when they had the chance is singlehandedly sufficient to have the motion granted. This Court should overturn the decision of the Magistrate Judge just on this reason alone.

### The Magistrate Judge's Order is without merit.

7. Last but not least, the Magistrate Judge's reasoning for denying the motion only further evidences this Court's prejudice against Plaintiff.

8. The Magistrate Judge denied the motion for a very simple reason: "This case is closed."

9. Plaintiff is well aware that "this case is closed." That is why Plaintiff, in addition to asking to amend the Complaint, also asked the Court to *re-open* the case! The Magistrate Judge gives no opinion as to why the Judgment should not be set aside under Fed. R. Civ. P. 60(b)(1).

10. This just further evidences that this Court's decisions in Plaintiff's many cases are in no way motivated by the merits of the motions, but instead by an animus against Plaintiff. If this Court truly cared about resolving legitimate disputes, then it would have given Plaintiff his day in court. Here, as the Eighth Circuit has plainly clarified, Plaintiff would a valid cause of action

if the Complaint were simply amended, so this Court's refusal to grant Plaintiff court access is inexplicable by anything other than a simple desire to strip Plaintiff of court access.

Wherefore, premises considered, Plaintiff requests that the Motion to Reopen Case and Amend Complaint be granted, costs incurred be awarded, and other relief to which he may be entitled.

David Stebbins  
123 W. Ridge St.,  
APT D  
Harrison, AR 72601  
870-204-6516  
stebbinsd@yahoo.com

David W. Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S District Court
35 E Mountain St.
Room s/c
Fayetteville, AR 72701